JUNE TERM
1835.

Hill
v.
Wilkins.

---

## HILL v. WILKINS.

1. Not more than one new trial can be granted to either party unless the jury have erred upon a question of law or been guilty of misconduct &c.
2. The power of the cir. ct. in granting and refusing new trials, is subject to be reviewed by sup. ct. and its judgment therein reversed.
3. For the errors of the jury in matters of law, but not for the errors of the court, a *second* new trial, may be granted.
4. It seems the 2nd new trial will be considered as improperly granted, unless the question of law on which the jury are said to have erred, be presented on the record.

ON MOTION for a mandamus to St. Louis circuit court.

Opinion of the court delivered by WASH, J.

Wilkins brought an action of assumpsit on a promissory note against Hill in the circuit court, in which action a verdict was rendered for Hill at the March term 1833; a motion was then made for a new trial which was kept under advisement until the November term 1833, and was then granted; on the second trial of the cause at the March term 1834, a verdict was again rendered for Hill and a new trial was again moved for and granted. Whereupon

| 4 | 86 |
| 54a | 192 |
| 4 | 86 |
| 131 | 547 |
| 4 | 86 |
| 165 | 71 |
| 4 | 86 |
| 176 | 1545 |

the defendant Hill moved the court to set aside the award of a new trial and enter up judgment in accordance with the verdict for the following reasons. 1st, because the court could not set aside the verdict for any of the reasons assigned, this being a second application for a new trial by the plaintiff. 2nd, because the plaintiff has not assigned as a reason for a new trial that the jury erred on a question of law, and the court cannot lawfully set aside a verdict and award a new trial for any cause assigned by the plaintiff. The reasons assigned by the plaintiff on his application for a second new trial are, 1st, that the said verdict of the jury was contrary to law and evidence, 2nd, that the jury found against the instruction of the court, 3rd, that the verdict was against the weight of evidence. In the return made to the conditional mandamus it is insisted that the jury must have committed an error in law, because from the evidence in the cause no error as to mere fact could have been committed; or that it was the right and duty of the court in the exercise of its discretionary power over the subject so to decide, if in the opinion of the judge who tried the cause, the verdict would have been otherwise but for some error in the law applied to the facts by the jury. It is also further insisted in said return, that the court erred in instructing the jury "that they must be satisfied that money and not property was paid by the plaintiff to the use of the defendant and at his request, and that if the jury should be of opinion that no money was paid as aforesaid by the plaintiff to the bank of the United States at Pittsburgh, he could not recover" &c. Whereas the jury ought to have been instructed "that if they were satisfied that money or its equivalent was paid or given at the request implied or expressed of the defendant by the plaintiff to the Bank, and accepted as money by the Bank in exoneration of the plaintiff and defendant they should find for the plaintiff," &c., that it is to be presumed the jury obeyed the instruction given and must consequently have erred in the law in like manner with the court who so instructed them. The statute provides (see Rev. code p. 632) that not more than one new trial shall be granted to either party unless it shall appear to the court that the jury have erred upon a question of law or been guilty of misconduct &c. It has been often decided and may be now considered settled law in this court, that the discretionary power of the circuit court in granting and refusing new trials is subject to be reviewed by this court, and that its judgments therein will be reversed whenever it may be seen by this

Not more than one new trial can be granted to either party unless the jury have erred upon a question of law or been guilty of misconduct &c.

The power of the cir. ct. in granting and refusing new

court that such discretionary power has not been soundly exercised. The errors of the jury in matters of law are to be reached and corrected in no other mode than by the granting of new trials, and it is therefore wisely provided that for errors on questions of law, the court may award any number of new trials. But the errors of the court on questions of law may be readily reviewed and corrected by writ of error or appeal. To enable this court to see that the second new trial was properly granted by the circuit court, the question of law on which the jury erred should have been presented. It is not sufficient to show that the court erred, and from thence infer the error of the jury. This would in effect, repeal the statute or render its restraint upon the power of the court in granting new trials wholly inoperative. Whenever the judge was dissatisfied with the finding of the jury, it might be ascribed to a misapplication or mistake of the law. The jury may and often do give much more force to facts proved and infer from them much more than the judge or a new jury might do, yet this could be no reason for disturbing their verdict. Without attempting then to decide or examine whether the court erred or not in giving the instruction referred to, it seems to us clear that the court could not grant a second new trial for any error of its own, though it might have been the ground of an imporper finding by the jury. The error of the court is not without its appropriate remedy and it is the business of the party injured by it, to seek his redress in the mode provided. The circuit court upon the whole matter therefore is directed to set aside the award of a new trial and enter up a judgment in the cause according to the verdict of the jury as by the conditional mandamus it was ordered.

12

JUNE TERM
1835.

Hill
v.
Wilkins.

trials, is subject to be reviewed by sup. ct. and its judgment therein reversed.

For the errors of the jury in matters of law, but not for the errors of the court, a second new trial, may be granted.

It seems the 2nd new trial will be considered as imProperly granted, unless the question of law on which the jury are said to have erred, be presented on the record.