PATRICK LEAHEY, Respondent, v. JOSEPH DUGDALE, Adm'r of FRANCIS DUGDALE, Appellant.

1. *Practice—New Trials—Mandamus.*—The Supreme Court will review the discretion of the inferior court in granting a new trial, only upon a proper application, by *mandamus*.  In granting a new trial, the court is not necessarily confined to the grounds enumerated in the statute.

2. *Contracts—Assignment—Notice—Payments.*— After the debtor has received notice of the assignment of a chose in action, any payments made by him to the assignor, either directly or upon garnishments, are made at his peril.

*Appeal from St. Louis Circuit Court.*

*Garesché & Mead*, for appellant.

*T. G. C. Davis*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This case appears to have been twice before this court already—27 Mo. 437 ; 34 Mo. 99. On the first occasion it was decided that the contract was assignable ; and on the second, that the defendant was not entitled to credit for payments made after notice of the assignment. Upon a new trial below, a verdict was given for the defendant. This verdict was set aside on motion, a new trial granted, and the matter referred to a referee to state an account, the defendant excepting. Upon the report being made, judgment was rendered for the plaintiff for the balance found due him.

The case came originally by appeal from the St. Louis Probate Court upon a demand against the estate of the deceased, and there were no formal pleadings. The demand and offsets involved many items, and it was essentially a matter of account. The previous decisions had settled the principles, so far, upon which the account was to be adjusted, and it was more properly a case for a reference than for a trial by jury.

It is assigned for error that the court below overruled the defendant's motion for a judgment on the verdict, and granted this reference. This court may review the discretion of the inferior court in granting a new trial, but it can be done only by *mandamus* on a proper application—Boyce v. Smith, 16 Mo. 317 ; Hill v. Wilkins, 4 Mo. 86.

It is objected also that it was not one of the grounds for a new trial, that the case should have been sent to a referee, and not to a jury. But it has been held that the court is not necessarily confined, in granting new trials, to the grounds enumerated in the statute—Fine v. Rogers, 15 Mo. 315. There was nothing in the action of the court on this matter which can now be assigned for error here. Exception was taken to the report of the referee for the exclusion of certain items, being mere due-bills for work done by hands empolyed, which were found in the possession of the defendant at his decease ; but there was no evidence to show when he paid them, nor that he had ever in fact paid them. It appeared

only that he had been in the habit of paying money on such due-bills. The time of payment was essential here. The report allowed all offsets which were proved to have been paid before notice of the assignment, and excluded those which were paid after notice. These items were rejected for want of proof that they had been paid before that date. In this the referee was correct. The burden of proof was upon the defendant, and his evidence failing, he must bear the loss if there were any. No error has been pointed out in the report that would authorize a reversal.

It has been strongly insisted in argument, that the defendant had a right to repudiate the assignment, disregard the notice, and continue to pay only on the orders of the assignors, and that he had a right to acknowledge his indebtedness to them upon subsequent garnishments. This point has already been decided against him—34 Mo. 99. It is too clearly against repeated decisions to admit of question now. Payments made after notice were made at his own peril, and he cannot complain if he is compelled to pay twice. Objection is taken also to the credibility of the witness by whose testimony the date of the notice was mainly fixed ; but his veracity was not impeached, and there is no ground on which we could say that he ought not to have been believed.

There being no error of which the defendant has a right to complain, the judgment will be affirmed. The other judges concur.