IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1868, AT ST. LOUIS.

———◆———

BLAKE SIMPSON, Plaintiff in Error, *v.* THOMAS H. BLUNT,
Defendant in Error.

1. *Practice — Submission of Cause — Finding — Continuance.* — Where, upon
the trial of a cause, the court found that plaintiff was not entitled to recover
on the proof given, and, without entering judgment of record, continued the
cause, such action was simply an exercise of the power of the court to grant a
new trial; and this court will not review its action in granting the same.
2. *Sureties — Notice to Sue — Waiver.* — Where the surety upon a note gave
the holder notice in writing to bring suit immediately, but delay was caused
by defendant himself, he is presumed to have waived the requirements of the
statute concerning the time within which such suits are to be brought. (Gen.
Stat. 1865, p. 406, §§ 1, 2.)

*Error to Second District Court.*

*Van Allen,* for plaintiff in error.

I. A writ of error only lies upon a final judgment. (Long v.
Towl, 41 Mo. 398, and cases cited.) There was no final judg-
ment in this case until after the second trial. The defendant, in
order to avail himself of the error, if such there was, in the action

of the court in allowing the withdrawal of submission, or granting a new trial, which is all the same, should have abandoned the case and sought redress before there was a second trial on the merits. (Helm v. Bassett, 9 Mo. 51; Keating v. Bradford, 25 Mo. 86; 41 Mo. 517.)

II. Blunt had the right to avail himself of the statute, or to waive its provision, as he did in the·case at bar. (Wilson v. Huston, 13 Mo. 146; Airey v. Pearson, 37 Mo. 424; Hoffman v. Hulbert, 13 Wend. 377; Union Bk. v. Hyde, 6 Wheat. 572; Edw. on Bills and Notes, 611; Story on Notes, p. 653, § 486; 1 Greenl. Ev. p. 408, § 304, 6th ed.)

*Wingo, Rolf & Bush*, for defendant in error.

I. The verbal suggestions of Blunt, the surety at the time of serving the notice, were of no force to " countermand, waive, or qualify " the notice or the operation of the statute, and were not an excuse for the failure of plaintiff to commence his action. On the giving of the notice in writing, the statute left the rights and liabilities of plaintiff and Blunt to rest altogether on the writing; and plaintiff's delay to commence his action for more than thirty days after service of the notice was a complete release of Blunt and an absolute extinguishment of his liability under the statute. (Gen. Stat. 1865, p. 406, chap. 92, §§ 1–3; Cockrill v. Dye, 33 Mo. 365; Routon v. Lacy, 17 Mo. 399; Freligh v. Ames, 31 Mo. 253.)

II. The action of the Circuit Court giving plaintiff leave to withdraw his submission, and the benefit of a new trial, was without precedent or authority. Plaintiff, at that stage of the proceedings, had no right to take a non-suit, much less to withdraw his submission. (Hageman v. Moreland, 33 Mo. 86; *id.* 374; Gentry Co. v. Black & Seat, 32 Mo. 542.)

III. The former notice and laches of plaintiff operating a release of Blunt, the latter notice was not a waiver or revocation thereof, nor a new promise binding on Blunt without a consideration. (Robertson v. Findley, 31 Mo. 384; Cook v. Elliot, 34 Mo. 386.)

· BAKER, Judge, delivered the opinion of the court.

This suit was brought on a note for $650, in which the defendant was security for G. C. Wingo. On the 11th day of March, 1864, the defendant gave plaintiff notice in writing requiring him to bring suit on the note without delay, in accordance with the provisions of the statute relating to securities. This suit was commenced over two years after the notice was given. The plaintiff claims that the defendant waived all rights acquired by him by virtue of the notice. The case was submitted to the court without a jury, and the court decided that the plaintiff was not entitled to recover on the proof given, and, without entering judgment of record, continued the case and permitted the plaintiff to amend his petition. At a subsequent term the cause was again tried by the court, without a jury, and a judgment rendered in favor of the plaintiff for the amount of the note and interest, from which the defendant appealed to the Second District Court, where the judgment of the Circuit Court was reversed. The leading grounds of objection to the rulings of the Circuit Court, urged here, are: first, the refusal of that court to enter judgment for the defendant on the finding at the first trial, and the granting of a new trial to the plaintiff; second, rendering judgment against the defendant at the second trial on the evidence given. The first objection is easily disposed of. The action of the court at the first trial was simply an exercise of the power of the court to grant a new trial. This court has repeatedly decided that error will not lie from an order granting a new trial. It will not review the action of the Circuit Court granting the same. (9 Mo. 53; 25 Mo. 87; 41 Mo. 517.)

The evidence was sufficient to warrant the Circuit Court in finding that the defendant had waived all rights acquired by his first notice to sue. He requested the plaintiff, at the time the notice was served, to see the principal in the note before suing it, and induce him to pay part or all of the money if possible. He agreed with the principal afterward to remain security, and gave the plaintiff notice in writing that he need not sue on the note and he would continue security on it. Two years after this,

defendant again notified the plaintiff to bring suit on the note, and within thirty days thereafter this suit was instituted. The second notice in which the defendant requested the plaintiff not to bring suit was given after the expiration of thirty days from the date of the first notice. But both parties treated it as a waiver of the first. The delay of two years was caused by the defendant. It would be highly unjust to permit him to avoid the payment of the note in consequence of a delay caused by himself.

There seem to be no well-founded objections to the rulings of the court on the admission of evidence and the giving and refusing instructions.

The judgment of the District Court is reversed. The other judges concur.