### STATE OF MISSOURI, EX REL. OREN N. BRAINARD, v. E. B. ADAMS, JUDGE, ETC.

#### June 27, 1882.

1. A verdict in due form and responsive to the issues cannot be set aside and a new trial granted except on application.

2. *Mandamus* is the proper remedy where the trial court has improperly granted a new trial.

3. The writ ordering the entry of judgment will be accompanied with directions that either party be permitted to move for a new trial within four days after the entry of the judgment.

APPLICATION for a writ of *mandamus*.
*Writ granted.*

PHILLIPS & STEWART and MARSHALL & BARCLAY, for the relator: The circuit court has no power to set aside a verdict of its own motion. — Rev. Stats., sects. 3557, 3633, 3703, 3704; *Bartling v. Jamison*, 44 Mo. 141; *The State ex rel.*

v. *Rombauer*, 44 Mo. 595 ; *Williams* v. *Court*, 5 Mo. 248 ; *Lloyd* v. *Brinck*, 35 Texas, 1. *Mandamus* is the proper remedy. — *Hill* v. *Wilkins*, 4 Mo. 86 ; *Pratte* v. *Cabanne*, 12 Mo. 194 ; *Boyce* v. *Smith*, 16 Mo. 317 ; *The State ex rel* v. *Horner*, 9 Mo. App. 307 ; *Leahey* v. *Dugdale*, 41 Mo. 517.

PATTISON & CRANE and P. WILLIAM PROVENCHERE, for the respondent : The relator must show a right to the specific thing asked or commanded, and that must be due of the respondent. — High on Man., sects. 9, 10, 522 ; *The People* v. *Mayor*, 51 Ill. 28 ; *The People* v. *Hatch*, 33 Ill. 140. The petition must show merits. — *Ex parte Bell*, 48 Ala. 285. A court of general jurisdiction has the inherent power to grant new trials in its discretion, except so far as it is controlled by statute. The power is not one given by statute ; it is inherent in the court. — *Mc-Namara* v. *Railroad Co.*, 12 Minn. 394 ; *Bartling* v. *Jamison*, 44 Mo. 143 ; *Schultz* v. *Insurance Co.*, 14 Fla. 93. The court has power to order a new trial on its own motion.— *Williams* v. *Circuit Court*, 5 Mo. 248 ; *Richmond* v. *Wardlaw*, 36 Mo. 313 ; reasoning of court in *Ex parte Henry*, 24 Ala. 649 *et seq.* ; *Simpson* v. *Blunt*, 42 Mo. 542 ; 3 Bla. Comm. 389. This court will presume that the action of the lower court was proper till the contrary appears. — *Good* v. *Crow*, 51 Mo. 212 ; *Snowden* v. *Craig*, 21 Iowa, 580. The appellate court is more reluctant to control the discretion of the court below in granting a new trial than in refusing it. — *Mc-Gugor* v. *Christie*, 37 Ga. 557. Especially if it be only the first verdict that is set aside. — *Meriman* v. *Atlanta*, 61 Ga. 222. A writ of *mandamus* will never issue to the detriment of persons not before the court. — *The People* v. *Farquer*, Breese, 68, 73 ; *The State* v. *Mills*, 27 Wis. 403 ; High on Man., sect. 9, and notes thereto.

LEWIS, P. J., delivered the opinion of the court.

This is a proceeding by *mandamus* for the purpose of

compelling the St. Louis Circuit Court to enter judgment in pursuance of the verdict rendered by a jury in the case of *Patier* v. *Brainard*. It appears that, when the verdict was brought in by the jury, the court ordered it to be entered of record, and then, without any application or motion from either party, and upon its own motion, the court set aside the verdict and ordered a new trial. By a stipulation between the parties, this cause is to be here disposed of, as upon a motion to quash the alternative writ of *mandamus*. The question for determination is, whether, when a verdict is in due form, and responsive to the issues, the court may lawfully set it aside and order a new trial without any application to that effect from either party to the suit.

Counsel on both sides have devoted to the solution of this question a great deal of research, whose results are presented in arguments of undeniable ability and force. For the respondent it is shown that the power to grant a new trial is inherent in courts of general jurisdiction, and does not depend for its existence upon statutes whose only office is to regulate its exercise. Hence, it is argued, such a power, where not restrained by any statute, must be capable of spontaneous action, without aid from any exterior source, as a motion or application by a party. To this it is answered that, even if the power be inherent, it is only so within its recognized limitations, and inherency can give it no license beyond such limitations, when these are once established. It is pointed out for the relator, that, in all the statutory provisions relating to new trials, expressions are used which show that they may be granted only on the application of an aggrieved party or " for good cause shown," — which necessarily implies a party showing. The respondent answers that these provisions are merely regulations for the specified cases, and that they prove nothing against the exercise of an inherent power, in a case which the statutes do not reach. It is alleged, on

the one hand, that the power of a *nisi prius* court to grant
a new trial of its own motion has been so often exercised
without question, in this state and elsewhere, and that the
appellate courts have in so many instances referred to its
exercise without disapproval, that to deny its rightful
existence now would be, in effect, revolutionary, and would
antagonize the universal convictions of the bench and bar.
On the other hand, it is claimed that persistence in error
works no justification, and many plausible reasons are
given for the passive acquiescence in judicial stretches of
authority, from which no practical harm could result. It
is said that the party in whose favor a new trial is granted
will not complain because the court has voluntarily done
what he would have asked for. The other party finds it
useless to object, since objection would only elicit the
proper motion or application from the adversary, which the
court would of course grant. As to the courts of appellate
jurisdiction, they are strongly influenced by the considera-
tion that the granting of a new trial can rarely or
never work an ultimate injustice, since he who has
right on his side will be able to show it in a second
trial, as well as in the first. To these considerations the
important fact is added that, in the reported cases gener-
ally where there seems to have been a judicial sanction of
the power in question, the attention of the courts was
never drawn to the sources, or the validity, of the supposed
power. In *Simpson* v. *Blunt* (42 Mo. 542), the cause was
submitted to the court without a jury. The court found
that the plaintiff was not entitled to recover, but, instead
of entering judgment for the defendant, continued the case,
giving the plaintiff leave to amend his petition. The
supreme court disposed of an objection to this proceeding
with the remark that it was "simply an exercise of the
power of the court to grant a new trial." It does not
appear that any suggestion was made against the exercise
of the power, on the ground that nobody had applied for

it. The question in that shape was not before the court. The argument relied on was that, at such a stage of the proceeding, the court could not allow the plaintiff to "withdraw his submission," or even to take a non-suit. In view of the right of trial by jury, some consideration would seem to be due, at the same time, to the fact that the court was setting aside its own finding, and not a jury verdict.

To review all the authorities and consider all the points contained in the carefully prepared briefs before us, would require more space than should be allotted to this opinion. It must suffice to state our general conclusions, upon a careful examination of all that has been presented.

It seems to be pretty clear, as is shown by Edwards, J., in *Williams* v. *Circuit Court* (5 Mo. 248), that in England, the right of the courts to grant new trials has always been considered and acted upon as independent of any application by a party for its exercise. The rules of court, it may be said, answer for our statutes in regulating the exercise of the power. One of these rules requires that every motion for a new trial shall be made within four days, exclusive, after the entry of a rule for judgment. "In construing this rule," says the learned judge, "a distinction seems to be drawn between the right of a party to move for a new trial, and the power of the court to grant a new trial as it existed before the adoption of the rule." Several cases are cited in which this distinction was clearly marked. Among them is *Rex* v. *Atkinson* (5 Term Rep. 437), where, the four days having expired, Lord Mansfield said that "no motion could be made for a new trial, but that, if it came out incidentally from the report that it was proper, the court might grant one." Also, *King* v. *Morris* (5 Term Rep. 438), wherein Grose, J., says that, "though the rule be settled that after the first four days the defendant cannot move for a new trial, whenever the court have seen of themselves, or it has appeared to them on the suggestion of counsel, that the defendant has been improperly convicted,

they always have interposed to prevent judgment from being passed on an innocent man." Another remark of Lord Mansfield's in *Rex* v. *Atkinson* (*supra*), was that, " if the court conceive a doubt that justice is not done, it is never too late to grant a new trial, but not on the application of the party." These principles are declared to be equally applicable to civil and criminal cases.

We may easily assume that the common-law powers in procedure of the English courts, belong also to our courts of general jurisdiction, except as modified by statute law. We may reasonably apply to a statute modifying such powers the same interpretation which is given by authority to an English rule of court expressed in similar terms. It will follow that our Revised Statutes, section 3707, which directs that " all motions for new trials, and in arrest of judgment, shall be made within four days after the trial," etc., must be construed as regulating the privilege of the party who may move, and not as granting a defined power to the court, or as abridging its powers already existing. The same reasoning will apply to sections 3703, 3704, and 3633, which prescribe the terms on which new trials may be granted, "on motion of the proper party," or " upon good cause shown." We cannot hold to the view apparently entertained by the relator, that these provisions are original grants of power to the courts, implying that the right to order new trials would not exist without them. So far as they act at all upon the court, they simply regulate its action, when this is specially invoked by " motion of the proper party," or " upon good cause shown." In other cases they leave undisturbed the common-law powers of the court, as derived from its British ancestry.

Thus far, on general principles, we should feel compelled to hold that our circuit courts have the power to set aside verdicts and grant new trials, on their own motion, and without an application from either party, notwithstanding the statutory provisions above mentioned, and notwithstanding an

able opinion to the contrary, to which we are referred, in *Lloyd* v. *Brinck* (35 Texas, 1). But a serious difficulty arises upon another statutory provision, and the effect given to it by our supreme court. Section 3705, Revised Statutes, provides : "Only one new trial shall be allowed to either party, except, *first*, where the triers of the fact shall have erred in a matter of law ; *second*, when the jury shall be guilty of misbehavior." In *The State ex rel.* v. *Rombauer* (44 Mo. 590), a jury in the circuit court had brought in a verdict which was consistent and responsive to the issues, but the court refused to receive it, because it was deemed contrary to the evidence, and the law as given by the court. The supreme court held, upon general principles, that this action was unauthorized. In the course of an able opinion by Judge Wagner, the following passages occur : "If the jury find contrary to the law as given them by the court, or their verdict is clearly against the evidence, the court has authority, upon motion of the proper party, to set aside the verdict and grant a new trial. The next section of the same chapter declares that only one new trial shall be allowed to either party. But if the court can, of its own motion, refuse to receive a verdict or reject it entirely, the provision would in a great degree be nullified, as the court might award any number of trials till a jury was obtained who would find the desired verdict. This plainly was not the intention of the law. Every lawyer who is engaged in practice knows that juries often find against the evidence and against the instructions of the court. When such an event happens, the duty of the court is clear, to promptly set aside the verdict, when a motion is made for that purpose by the aggrieved party."

Every word of this conclusive reasoning against the refusal of a verdict applies with equal force to the granting of a new trial upon the court's own motion. Leaving out of view the exceptions, which are not material to this question, the legislature has provided, in the interests of peace,

and of finality in judicial solutions of controversies, that he whose cause has been denied by two impartial juries shall not be permitted to demand the judgment of a third.  This wise purpose could never be more effectually defeated by the refusal of a verdict than by the setting of it aside and ordering a new trial upon the application of neither party. Upon such an order, how can it be predicated that the new trial is granted to the one party or to the other?  In the very case before us the jury found upon one issue for the plaintiffs, and upon others for the defendant.  Nothing in the record shows with certainty in whose behalf or to whom the new trial was granted.  So far as the record shows anything, it will indicate in all such cases that both parties are content with the verdict.  The finding may be against the defendant for a sum of money in favor of the plaintiff, and yet the defendant, tired of litigation, acknowledging the justness of the verdict, or fearing a worse result, may desire the case to go no further.  The court is not bound to give its reasons for ordering a new trial, or to intimate in whose interest the order is made.  The result follows, that a judge, acting from the best motives, and desiring nothing but what he conceives would be a just determination, may set aside a dozen verdicts against the same party, and yet that party may move for a thirteenth trial without violating the terms of the statute.  This, it is true, supposes an extreme and improbable case, but correct principles will generally stand by just such tests.

It results that, in our view, a statute which limits the number of new trials to be granted to the same party, is in direct antagonism with the common-law power of ordering a new trial upon the court's own motion.  As far as we have examined, it does not seem that this ruling will at all interfere with the exercise of the ancient right in criminal cases.

That *mandamus* is the proper remedy for a party who objects to the granting of a new trial, and demands entry

of judgment upon the verdict rendered, has long been settled in this state. *Hill* v. *Wilkins,* 4 Mo. 86 ; *Pratte* v. *Judge,* 12 Mo. 194 ; *Boyce* v. *Smith,* 16 Mo. 317 ; *Leahey* v. *Dugdale,* 41 Mo. 517 ; *The State ex rel.* v. *Horner,* 10 Mo. App. 307.   For this purpose it is manifestly immaterial on what grounds the new trial was granted, if the order appears to have been in violation of a statute.

The motion to quash is overruled.   As it appears to be understood that all the merits of the application may be disposed of on this motion, it may not be amiss to anticipate somewhat, and indicate our views of the terms upon which a peremptory *mandamus* should issue, when the proper stage is reached.   In *The State ex rel.* v. *Rombauer* ( *supra* ), and in *The State ex rel.* v. *Knight* ( 46 Mo. 84), the supreme court allowed the losing party in the verdict to file a motion for a new trial upon the service of the *mandamus,* notwithstanding the lapse of four days after the trial, and without impaired effect on that account.   This answered properly an obvious demand of justice.   Without such a privilege, the party, if he appealed, would be cut off from all benefit of exceptions saved during the trial, and this because of an erroneous ruling of the court.   He could not move for a new trial when the court refused to receive the verdict.   So, in this case, neither party could offer such a motion, when the court had already ordered a new trial. There is a slight technical difference between the two classes of cases, but there would be a gross injustice, which the law has never intended to inflict, in depriving either party who may desire to appeal, in this instance, of all benefit of errors committed against him during the trial.   The writ should therefore be accompanied with a direction that either party in the suit of *Patier* v. *Brainard,* be permitted to file a motion for a new trial, or in arrest of judgment, within four days after the circuit court's obedience to the peremptory *mandamus.*   Judge BAKEWELL concurs in this opinion ; Judge THOMPSON dissents.