## ROBINSON *vs.* CAMPBELL.

A mortgagee of personal property is, after the day of redemption is passed, regarded in law as the absolute owner, and may dispose of the property in any manner he pleases.

APPEAL from Cole Circuit Court.

HAYDEN *and* MINOR, *for Appellant.*

1. The sale of the slave in controversy, at the time, place, and under the circumstances of the case, by Richard Morris to W. Robinson, the plaintiff below, was a valid sale, and vested the plaintiff with an absolute and unqualified right of property in the said slave, and the court erred in giving to the jury the instruction which it gave upon the motion of the defendant, Campbell.— 4 Kent's Com., 138; 12 Wendell, 61; 8 Johnson, 96; 2 Atkins, 317; 2 Johns. Ch. Rep, 97; Story's Equity; 9 Wendell, 80, 258; 11 *Ibid.*, 106; 7 Cowen, 290; 1 P. Williams, 261.

2. The court erred in not setting aside the non-suit, and granting to the plaintiff a new trial of the cause, for the reasons exhibited in his motion in the Circuit Court.

*Robinson* vs. *Campbell.*

KIRTLEY *and* MILLER, *for Appellee.*

We insist the judgment was rightfully given for the defendant, and that the Circuit Court committed no error for which this Court should reverse its judgment, and rely on the following authorities.—1 P. Williams' Rep., 261, Tucker *vs.* Wilson; 4 Mon. Rep., 345, Wilkins' Administrator *vs.* Sears; Statutes of Missouri, 1835, p. 409, title, "Mortgage;" 7 Mo. Rep., 556, Williams *vs.* Rover; *Ibid.*, Desloge *vs.* Ranger, 326; 1 Chitty's Plead., 178, 9; 8 Law Library, Coote on Mortgages, 309; 1 Vesey, senior, 278, Kemp *vs.* Westbrook; 1 Tucker's Com., 105.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of trover, brought by the plaintiff in error to recover the value of a negro girl named Maria.

It appears from the record, that on the 14th January, 1839, the defendant executed to one Richard Morris a deed for said slave, upon consideration of $366 52 to him paid, upon condition that if the defendant should, on or before the 25th December following, pay to said Morris the said sum of $366 52, then the right and title to said slave was to return and vest in said Campbell.

On the 7th July, 1740, Morris addressed a note to Campbell, informing him that unless the money due on said instrument, with interest, was paid, he would, at the town of Russellville, on a day named, expose to sale said slave, and hold him responsible for any deficiency, should said slave sell for less than the mortgaged debt. It was proved that the sale took place at Russellville, on the day specified, (notice of the same having been published in a newspaper printed in Cole county, six weeks previous to the sale,) and that the plaintiff became the purchaser for the sum of sixty-one dollars.

It was also proved that the slave Maria was in possession of defendant at the commencement of this suit, and that she was worth three hundred dollars.

The defendant, at the close of the testimony, moved the court to instruct the jury to find against the plaintiff, as in the case of a non-suit. The court thereupon instructed the jury—

1. That in this case the plaintiff had shown no title to the property, under the sale by the mortgagee, at the time and in the manner as proven by the evidence; and,

2. That the mortgagee had no right to sell the slave in the manner he had sold her to the plaintiff, and that to make the sale valid, it should have been under a judicial decree foreclosing the equity of redemption.

The plaintiff excepted to these instructions, submitted to a non-suit, and moved to set it aside. The motion was overruled, and the plaintiff appealed.

We are not apprized of any principle upon which the instructions of the Circuit Court can be sustained. It is well settled that a mortgagee of personal chattels, after the day of redemption has passed, is regarded in law as the absolute owner. (4 Kent's Com., 138; 7 Mo. Rep., Williams *vs.* Rover, p. 556.) No reason is suggested why the mortgagee should not dispose of his title in such mode as he

pleases, and no question relative to the equity of redemption is involved in this suit.

It seems probable, from the course of the argument, as well as from the character of the instructions, that the Circuit Court only intended to decide that the equity of redemption was not barred by this sale; but as the question does not arise in this action, it is deemed improper to express any opinion on this point.

It has been suggested that this judgment may be affirmed, on the ground, that there was no evidence of a demand and refusal, and that therefore the court properly instructed the jury to find as in case of a non-suit; but as it is obvious from the record that the court refused to instruct the jury to that effect, but placed the verdict upon the ground of the insufficiency of the plaintiff's title, and the question of demand and refusal was not passed upon by that court, the judgment must be reversed, and the cause remanded.