BOYCE'S ADMINISTRATOR, Respondent, *vs.* SMITH'S ADMINIS-
TRATOR, Appellant.

1. The statute directing that a second new trial shall not be granted to the same party, except when the triers of the fact shall have erred in a matter of law, or when the jury shall be guilty of misbehavior, proceeds upon the supposition that the law has been correctly expounded to the jury, and is only applicable to such cases.
2. When a second new trial has been improperly granted, that matter can only be corrected by a mandamus from the Supreme Court.
3. When a new trial has been refused, the Supreme Court, on appeal or writ of error, will look into the record, and if it finds that incorrect law was given to the jury, will reverse the judgment and award a new trial, without regard to the number of new trials previously granted to the party.
4. Equitable interests, in personal estate, are not vendible under execution.

*Appeal from St. Louis Circuit Court.*

*C. C. Whittelsey*, for appellant.

1. After the expiration of the term for which the premises were let, the fixtures could not be removed, but became a gift to the landlord. *Poole's* case, 1 Salk. 368. *Holmes* v. *Tremper*, 20 J. R. 29. *Lyde* v. *Russell*, 1 B. & Ad. 394. 2 Smith's L. C. 110. *Fitzherbert* v. *Shaw*, 1 H. Black, 258. 2 Smith's Lead. Cases, Am. ed. p. 194, and notes, p. 208.

2. The articles sued for were fixtures, and not mere personal chattels, and could not be removed after the term. *Elwes* v. *Maw*, 3 East. R. 38. 2 Smith's L. C. 194, Am. edition.

3. Dickinson & Holmes being indebted to the defendant's intestate, and they having surrendered or left these fixtures upon the premises, and the intestate, Smith, being found in possession of the premises, the fair presumption of law is, that they were abandoned in payment of the rent.

4. Dickinson & Holmes had, before the levy or issuing of the executions, sold and conveyed the property to Drake, as trustee for creditors, and Drake had immediately taken possession. The time limited for the payment of the debts had

elapsed, and the title had become absolute in Drake, and Dickinson & Holmes had no title or right which could be levied upon and sold by execution, having a mere right to call for an account or to redeem, by showing that they had paid the debts secured. The title of Drake was absolute. *Robinson* v. *Campbell,* 8 Mo. R. 365. Same v. same, 8 Mo. R. 615. *Williams* v. *Rorer,* 7 Mo. Rep. 556. *Brown* v. *Bement,* 8 John. R. 96. *Ferguson* v. *Lee,* 9 Wend. R. 258. *Ackley* v. *Finch,* 7 Cow. R. 290.

5. The sale by the sheriff conveyed no interest to the plaintiff, to enable him to maintain this action, as, at best, his right would be the right to redeem, the property being in the possession of the trustee, together with the legal title, which had become absolute by failure on the part of D. & H. to pay within the time limited by the deed, and that right was not subject to levy and sale ; it was a *chose* in action. The interest of the mortgagor in chattels is not subject to levy and sale under execution. *King* v. *Bailey,* 8 Mo. Rep. 332. 2 Bacon's Ab. Tit. Execution, 715. So that the mortgagor could not have maintained trespass for the taking of the goods by a stranger, but the suit must have been in the name of the assignee. *Langdon* v. *Buel,* 9 Wend. R. 80. It could only be levied on as the property of the mortgagee. *Ferguson* v. *Lee,* 9 Wend. R. 258. After forfeiture, the interest of the mortgagor cannot be levied upon and sold. *Huntington* v. *Smith,* 4 Conn. R. 235. The interest of the *cestui que trust* is subject to execution and not that of the vendor. *Eastland* v. *Jordan,* 3 Bibb, 186.

6. The levy and sale by the sheriff was void, as the property, by the evidence, at the date of the *fi. fa.* the levy and sale, was in the possession of Drake, the trustee.

7. The instructions given by the court disregarded the evidence given on the trial, that Dickinson & Holmes had transferred the possession as well as the title.

*T. Polk,* for respondent.

The plaintiff below has had four verdicts. On the fourth

motion for a new trial, neither one of the only two reasons for which alone, by the statute, a second new trial can be awarded by the *nisi prius* court, is assigned as a ground of the motion. If neither of those reasons existed, the lower court could award no new trial, and of course could commit no error in refusing it. *Humbert* v. *Eckert*, 7 Mo. R. 259. *Floersh* v. *Bank of Missouri*, 10 Mo. R. 517. Rev. Code of 1845, p. 830, section 3.

A new trial could not a second time be granted, for misdirection by the court. The error of law, alluded to by our act, must be a misconception of the instructions of the court, or an entire disregard of them. *Hill* v. *Deaver*, 7 Mo. R. 60. *Dickey and others*, v. *Malechi*, 6 Mo. R. 185. *Hill* v. *Wilkins*, 4 Mo. R. 86.

Possession of personal chattels is sufficient to maintain the action of trover for their conversion, against a mere wrongdoer, having no title. 2 Sel. N. P. 521–2. *Wilbraham* v. *Snow*, 2 Saund. 47 and note. *Barker* v. *Miller*, 6 Johns. 195. *Armory* v. *Delamirie*, 1 Strange, 505. *Sutton* v. *Buck*, 2 Taunt. 302. *Burton* v. *Hughes*, 2 Bing. 193. *Robert* v. *Wyatt*, 2 Taunt. 268. Special property is also sufficient to enable a person to maintain it. 2 Sel. N. P. 521–2, and authorities there cited. *Webb.* v. *Fox*, 7 T. R. 398.

The deed of trust, as soon as the debts secured by it were paid, ceased to be a bar to plaintiff's recovery. Even in an action of ejectment, an outstanding term, which has been satisfied, has been held not to be a sufficient bar to the plaintiff's recovery. Adams' Eject. 85, and note. 2 B. & A. 710. Sugden on Vendors, top page, 542 *et seq.*, and authorities there cited.

But this deed contains an express provision that if the debts secured by it should be paid by the day therein mentioned, the deed should be void and the property released.

The jury was correctly instructed as to the law of fixtures. The instruction on that subject contained the law as laid down by this court in this very case, when it was first here. 9 Mo.

R. 564. *Elwes* v. *Maw*, 3 East. 38. *Lawton* v. *Lawton*, 3 Atk. 13. *Dudley* v. *Warde*, Ambler, 113. *Penton* v. *Robart*, 2 East. 88. *Curtiss* v. *Hoyt*, 19 Conn. 154. *Wetherby* v. *Foster*, 5 Verm. R. 136. Gibbons on Fixtures, 22, 23, 24, *et seq.*

SCOTT, Judge, delivered the opinion of the court.

This was an action of trover, commenced by the plaintiff's intestate against the defendant's intestate, for the conversion of a quantity of plank and lumber, alleged to be fixtures. The plaintiff obtained judgment. There had been several previous trials, and a new trial had been awarded to the defendant, for reasons which do not appear in the record of this cause. It appears that the intestate, Smith, leased to H. B. Dickinson the lot on which were situated the alleged fixtures, for the purpose of making bricks, from March, 1840, until March, 1841. On the 16th of March, 1841, the intestate, Boyce, obtained several judgments against the said H. B. Dickinson and Henry Holmes. On these judgments executions issued, returnable to the third Monday in July, 1841. The judgments were for the same debt, Dickinson and Holmes being partners. Under the executions, the property in controversy was sold, and W. H. Boyce became the purchaser. Dickinson & Holmes, by a deed of trust, bearing date the 30th of September, 1840, conveyed to Silas Drake the property in controversy, together with other property, to pay certain debts therein enumerated. It was provided in the deed that, if the debts secured to be paid were satisfied before the 15th of December following, it should be void, otherwise the trustee should sell the property to fulfil the purposes of the trust. The deed of trust was duly recorded. It appears that a sale under the trust, took place. A witness on the trial, which took place in December, 1840, testified that all the debts secured by the trust, had been satisfied. This witness was Holmes, the partner of Dickinson, who stated the foregoing fact as his belief. It seems that the intestate, Smith, claimed the fixtures as landlord, and removed them, they not having been taken away be-

fore the expiration of the lease. The court refused the fol-
lowing instruction, asked by the defendant : "If the jury be-
lieve from the evidence that Dickinson & Holmes, or Holmes,
had, before the the levy of execution offered in evidence,
conveyed the property in the declaration mentioned to Silas
Drake, by the deed offered in evidence, then the plaintiff is
not entitled to recover." The instruction which follows, was
given at the instance of the plaintiff : " If the jury find, from
the evidence, that the debts, for the securing of which, the deed
of trust given in evidence by defendant was made, have been
all paid or settled for, then that deed is no bar to the plain-
tiff's recovery." To the refusing and giving these instructions
exceptions were taken. The aspect of this case is so changed
since it was first in this court, that we deem it now unnecessary
to enter into an examination of the instructions relative to the
law of fixtures. It may be determined without reference to
the law on that subject. A motion for a new trial, with the
usual reasons, was made and overruled, and the defendant
appealed to this court.

1. The counsel for the appellee maintained, that there was
no error in the court below, in refusing a new trial. That
there had been one new trial granted to the defendant, and as
the statute directs that a second new trial shall not be granted
to the same party, except when the triers of the fact shall have
erred in a matter of law, or when the jury shall be guilty of
misbehavior, and as neither of these causes is alleged as a
reason for granting a new trial, the motion was properly ever-
ruled. The object of the law, in restraining courts from
granting the same party two new trials, is, to prevent the sub-
stitution of the verdict of the court for that of the jury. When
two juries, on the same issue, find the same verdict, the law
will not permit the court to interfere with the last finding, as
the jurors are the constitutional triers of the facts. So, if a
court misdirects a jury as to the law, and a second verdict is
found consonant to the law and facts of a case, though against
the instructions of the court, this court will restrain any inter-

ference with such a verdict. *Pratte* v. *Cabanne*, 12 Mo. R. In specifying the causes for which a second new trial could only be granted to a party, the statute proceeds upon the supposition, that the law has been correctly expounded to the jury, and the statute only applies to those cases in which this has been done.

2. If a second new trial has been improperly granted, that matter can only be corrected by a mandamus from this court.

3. When a new trial is asked for and refused, this court, on appeal or writ of error, will look into the record and examine whether the verdict may have been caused by the misdirection of the court in which the trial was had, and if such has been the case, will reverse the judgment and award a new trial, without regard to the number of new trials which may have been previously granted to the party.

4. Neither the instruction given, nor that refused, was sufficiently pointed. The question was not whether the debts secured by the deed of trust were satisfied at the time of trial, but whether they existed at the time of the sale by the sheriff. If they did, the legal title in the property was in the trustee, and there was nothing which could be reached by an execution at law, and consequently nothing passed by the sheriff's sale to Boyce. In the case of *Hendricks* v. *Robinson*, 2 J. C. R. 283, it was held that the mere equitable interest of a debtor in the personal property assigned by him as security, cannot be reached by process at law, or be bound by execution. The same doctrine is recognized in *Bailey* v. *Burton*, 8 Wen. 345. The statute subjects equitable interests in real estate to execution, but there is no provision which makes equitable rights in personal estate vendible under execution. The case of *King* v. *Bailey*, 8 Mo. Rep., is opposed to the proceedings under this execution, in evidence in this case. Since the argument of the point involved in this controversy, the case of *Yeldell &* *Barnes* v. *Stemmons*, has been determined, in which this question arose. Stemmons executed a mortgage deed upon some slaves and other property, to secure the payment of cer-

tain debts, and continued in possession of the mortgaged property. A creditor, other than the mortgagor, sued out execution against Stemmons and sold his interest under the mortgage. Yeldell & Barnes became the purchasers at the sheriff's sale, and afterwards sued Stemmons to recover his possession of the property, and it was held, that no interest passed to the purchasers by the sheriff's sale. It is against policy that uncertain interests of the debtor in property should be exposed to sale. Experience shows that such sales generally result in great sacrifices, both to the debtor and creditor. The debtor is stripped of his property and no satisfaction is made of his debts. In such cases a creditor is not without redress, as, by a suitable proceeding, he can have the interest of his debtor subjected to sale, in a manner that will avoid any sacrifice.

The other Judges concurring, the judgment will be reversed and the cause remanded.