THE STATE *ex rel.* WRIGHT *et al.* v. ADAMS.

1.  **Second New Trial.** Where the jury have found a verdict in consonance with the law and the facts of the case, the fact that the court gave erroneous instructions will not authorize the granting of a second new trial.

2.  **Landlord's Lien for Rent:** CHATTEL MORTGAGE: CONFLICTING RIGHTS UNDER THEM. A tenant covenanted that his landlord should have a lien on the furniture which the tenant should put into the leased premises, and afterward gave a deed of trust on the same furniture, to secure notes for money loaned. The landlord subsequently entered for non-payment of rent, took possession of the furniture, used it for a time and then sold it for less than the rent.

| 76 | 605 |
|----|-----|
| 97 | 347 |
| 76 | 605 |
| 98 | 561 |
| 76 | 605 |
| 123 | 539 |
| 58a | 637 |
| 76 | 605 |
| 131 | 547 |
| 76 | 605 |
| 140 | 513 |
| 76 | 605 |
| 81a | 102 |
| 76 | 605 |
| d87a | 306 |
| 76 | 605 |
| 165 | 71 |

in arrear. The notes were due at the time of the entry. In an action by the holder of the notes against the landlord to recover for the use of the furniture; *Held,* that the relation of the landlord to the furniture was rather that of a pledgee than a mortgagee, and while he might retain the possession he could not use it without accounting to the plaintiff for the value of the use.

But per HENRY, J.: He was entitled to retain enough to make good the deficiency of rent, and was accountable to the plaintiff only for the balance.

3. **Mandamus.** If a judge erroneously refuses to have judgment entered upon a verdict, he will be compelled by mandamus.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*M. L. Gray* and *J. M. Holmes* for relators.

1. After breach of condition the mortgagee in a chattel mortgage, or deed of trust, becomes the absolute owner of the property. *Robertson v. Campbell,* 8 Mo. 365, 615; *Williams v. Rorer,* 7 Mo. 556; *Lacey v. Giboney,* 36 Mo. 320; *Dean v. Davis,* 12 Mo. 112; *Pace v. Pierce,* 49 Mo. 393; *Bowens v. Benson,* 57 Mo. 26; *McCandless v. Moore,* 50 Mo. 511.

2. The lien of defendant did not amount to a title to the property. *Burgess v. Kattleman,* 41 Mo. 480.

3. It amounted at most to a pledge, and a pledgee has no right to the use of the pledged property, and must account for such use. Schouler on Bailments, pp. 196, 199; Story on Bailments, §§ 89, 90, 329, 332; 2 Parsons on Contracts, 111; *Houton v. Holliday,* 2 Murphy (N. C.) 111; *Gibson v. Martin,* 49 Vt. 474; *Allen v. Fox,* Sedgwick's Lead. Cas. 650.

4. No error of law having been committed by the triers of the fact, and the jury not having been guilty of misbehavior, the court had no authority or jurisdiction to grant a second new trial; and the remedy is by mandamus to compel the court to enter judgment on the verdict. R. S. 1879, § 3705; *Hill v. Wilkins,* 4 Mo. 86; *Pratte v. The*

*Judge,* 12 Mo. 195 ; *Boyce v. Smith* ˜6 Mo. 321; *Leahey v. Dugdale,* 41 Mo. 517.

*Broadhead & Haeussler* for respondent.

Suppose the court has misled the jury by giving erroneous instructions, and afterwards is satisfied that it has committed an error, has it no right to correct its own error, and must the court drive the party who has a meritorious cause of action or ground of defense to the tedious and expensive process of a writ of error or appeal to correct the error and obtain justice in the trial court? In granting a new trial in such a case, the court is not invading the province of the jury as triers of the facts, because they have been misled by the court in a matter of law and not of fact, and have thus erred in a matter of law. The cases of *Hill v. Deaver, Pratte v. The Judge,* and *Boyce v. Smith,* show that this court will look into the merits of the controversy, whether the case comes before it by mandamus or appeal, and decide the case without reference to the action of the court, and if the verdict is in accordance with the law, will sustain it; if not, will order a new trial. Now we say in this case the court below has done what this court, upon appeal or writ of error, would have required it to do, in case the motion for new trial had been overruled.

The instruction given by Judge Adams was manifestly wrong: (1) Because, while the suit was for the recovery of the value of the use of the furniture, the instruction authorized the jury to take into consideration the depreciation in value caused by the use. (2) The plaintiffs had no cause of action at all. Bircher was not a pledgee of the property in the ordinary legal acceptation of that term as applied to personal property. The property was not delivered to him to hold in pledge. He took possession of the house under the lease. He found the property there. He had a lien upon it for the payment of the rent, and the

court held that being in possession, and having a lien, he might continue to hold possession, and further, that this lien existed at the time the mortgage was given, and that plaintiffs had full knowledge of it, and if so, the plaintiffs had no lien, or claim, or qualified ownership even, except subject to this prior lien. How, then, could the plaintiffs have any right to compensation for the use?

Mrs. Wright was not the owner of the property. She was not entitled to the possession of it. She had not leased the property to Bircher. She had not given him the possession of it, and there was no contract, express or implied, by which he could be made liable to her for the use of the property; and there is, therefore, no principle of law by which the defendant could be held liable, nor could equity step in to her relief, because even if the property were worth more than enough to pay Bircher's debt, so as to give her a claim for the surplus, she failed to take any step to enforce her claims by paying off his incumbrance, or demanding that the property should be sold as soon as her debt became due. And her debt was past due at the time Bircher took possession.

NORTON, J.—This is an application for mandamus, in which we are asked to compel Judge Adams, of the circuit court of the city of St. Louis, to enter up judgment on the verdict of a jury in the case of Nannie M. Wright and M. L. Gray, her trustee, against Vogel, administrator of Bircher, deceased. The verdict was for plaintiff in said suit and was set aside by said court and a new trial granted. The plaintiff had obtained on a former trial of said cause a verdict which had also been set aside and a new trial granted.

It is claimed by relators that the court was powerless, under the facts of the case and the statute, to grant a second new trial, and that it ought to have entered up judgment in favor of plaintiffs on the second verdict. This claim is based on section 3705, Revised Statutes, which pro-

vides "that only one new trial shall be allowed to either party except: 1st, When the triers of the fact have erred in a matter of law; 2nd, When the jury shall be guilty of misbehavior.". It is not pretended that the jury which tried the case were guilty of any misconduct, but it is insisted that they erred in a matter of law. Whether they did so or not is to be determined by what is meant by "the triers of the fact erring in a matter of law."

This is not a question of first impression, since the above section, which has had a place on our statute books since 1835, has been before the court for construction in the cases of *Hill v. Deaver,* 7 Mo. 57; *Pratte v. The Judge,* 12 Mo. 194; *Boyce v. Smith,* 16 Mo. 317; and as will be seen by reference to them it has been held that the triers of the fact err in a matter of law, either when the jury, after being properly instructed by the court, misconceive or entirely disregard the instructions, or when they, when improperly instructed by the court, follow such instructions. It has also been held in these cases, that when the court gives improper, instructions, and the verdict of the jury is justified by the facts and the real law governing the case, that a second new trial cannot be awarded. In the above case of *Boyce v. Smith,* it was observed by Judge Scott in commenting upon said section of the statute, "that the object of the law in restraining courts from granting the same party new trials, is to prevent the substitution of the verdict of the court for the verdict of the jury. When two juries on the same issue find the same verdict the law will not permit the court to interfere with the last finding, as the jurors are the constitutional triers of the facts. So if a court misdirects a jury as to the law, and a second verdict is found consonant to the law and facts of the case, though against the instructions of the court, this court will restrain any interference with such a verdict. In specifying the causes for which a second new trial could only be granted, the statute proceeds upon the supposition that the law has been correctly

1. SECOND NEW TRIAL. *(margin heading)*

expounded to the jury, and the statute only applies to those cases in which this has been done."

It is contended by counsel in the case at bar that the court misdirected the jury in its instructions, and was, therefore, justified in granting a second new trial. Under the ruling in the last case above cited, the misdirection of the court is not sufficient to authorize granting a second new trial, if it appears that the second verdict is in consonance with the facts and real law of the case, but on the contrary, that in such case the court will be restrained from interfering with such verdict. So that it follows in the case before us that even if the court did misdirect the jury as contended for by counsel, yet notwithstanding such misdirection if the second verdict conformed to the facts and real law of the case, it was the duty of the court to enter up judgment on such verdict and refuse a second new trial. We are of the opinion that the verdict in this case is of that character, and in the language of Judge Scott in the case of *Pratte v. The Judge, supra,* "it is use. less to examine the instructions."

The suit of Mrs. Wright and her trustee, Gray, was for the recovery of the use by Dr. Bircher of certain fur-

2. LANDLORD'S LIEN FOR RENT: chattel mortgage: conflicting rights under them.
niture in a hotel in St. Louis from the 16th day of December, 1876, to the 31st day of May, 1877. The facts of the case are as follows: In February, 1873, the Laclede-Bircher hotel was leased to the Malins, reserving a lien for the rent upon the property which the lessees might subsequently place in the building. The lien was created by the following clause in the lease: "All furniture, fixtures and other improvements to be bound for the rent, and for the performance of the other covenants and conditions of this lease." In August, 1873, the Malins placed a large amount of furniture in the building, of the value of $90,000, for the use of which this suit is brought. Afterwards the Malins borrowed from Nannie M. Wright, the plaintiff in this suit, two sums of money—one of $25,000, and the other of

$10,000—secured by deeds of trust upon this property, with M. L. Gray as trustee, at which time there was no rent in arrear due. On the 16th day of December, 1876, Bircher took possession of the building for non-payment of rent. The furniture was in the house and he took possession of that also; and from December, 1876, until the 31st day of May, 1877, Bircher used the building and the furniture. There was at this time due Bircher, on account of the lease, the sum of about $14,905.

In December, 1876, the notes given for the money loaned by Nannie M. Wright became due and were unpaid. She was about to bring a suit for this property through her trustee, with the view of enforcing her lien under the deeds of trust, when an agreed case was made up between the parties as to the matters in controversy between them, which case was finally appealed to this court, and an opinion given in the case of *Wright v. Bircher*, 72 Mo. 179. The question submitted to the court was as to whether Bircher, by virtue of the lease, had a lien upon the property to secure the payment of the rent, and this court held that Bircher had a lien upon the furniture for the full amount of the rents, which by the terms of the lease would accrue within the term for which the house was let, not to. secure the first installment merely, but to secure each installment. The question as to the right of possession was disposed of by a stipulation: that if the court found that Bircher had a lien, then a judgment for possession also might be rendered. In the agreed statement on which said case was submitted to the court, the question of the right to the use of said property by Bircher was expressly excepted from the submission, and the right to hold him accountable for such use was in express terms reserved.

The property was sold on the 31st day of May, 1877, and was bought in by Bircher at something over $14,000, and something less than the amount of his claim for rent. There was also evidence tending to show that the usable value of this property for the time Bircher used it was

from $3,000 to $4,500. Upon this state of facts the jury found a verdict for plaintiff for $3,300 and interest, and was, we think, in conformity with the law applicable to the facts.

Ever since the case of *Robertson v. Campbell*, 8 Mo. 365, 615, was decided, it has been the settled law of this State that when personal property is mortgaged or conveyed by deed of trust to secure the payment of a debt, the mortgagee in such mortgage or trustee in such deed of trust becomes invested with the title or ownership of such property after breach of the condition therein contained. *Lacey v. Giboney*, 36 Mo. 320; *Dean v. Davis*, 12 Mo. 112; *Pace v. Pierce*, 49 Mo. 393; *Bowens v. Benson*, 57 Mo. 26. Hence it follows that on the 16th day of December, 1876, in consequence of the failure of Malin to pay the debts, (they having matured,) which the deed of trust was given to secure, the plaintiffs became the owners of the personal property therein described, and as such owner, notwithstanding the fact that Dr. Bircher had a prior equitable lien on the property and the possession of it, still if he used it in carrying on and conducting the hotel business, had the right to recover the value of such use. While, under the judgment of this court, Dr. Bircher had an equitable lien prior to that created by the deed of trust, and the right to the possession of the property, by stipulation of the parties, he had no right to use said property, unless such use was necessary for its preservation, and make profit of its use, without accounting to the owners for such use, who in this case we have seen were the plaintiffs.

The lien acquired by Dr. Bircher, by virtue of the reservation contained in the lease of his hotel to Malin, did not confer upon him the title to the property, nor put him on the footing of a mortgagee in a specific chattel mortgage after condition broken. *Burgess v. Kattleman*, 41 Mo. 480. His relation to the property was more in the nature of a pledgee than a mortgagee, and as such, while he might retain the possession of it, he could not use it for his own

profit, and such possession is no more inconsistent with the ownership of the property by plaintiff, than is the possession of a horse, held by a livery man for his keep, with the ownership of A who placed such horse in his hands to be kept. That the furniture had a usable value, and that it was used for hotel purposes by Dr. Bircher from December 16th, 1876, to 31st May, 1877, clearly appears from the evidence, and it also appears that the evidence tends to show that the value of such use was at least equal to the amount named in the verdict of the jury.

For the reasons herein given, we think relators are entitled to a judgment on the verdict, and that the second 3. MANDAMUS.    new trial was forbidden by the statute; and as it has been held in the cases of *Boyce v. Smith, supra,* and *Pratte v. The Judge, supra,* that mandamus is the proper remedy in such cases, it is hereby ordered that the alternative writ be made peremptory. All concur, except Judge HENRY.

HENRY, J., DISSENTING.—With the doctrine announced by the majority of the court in the foregoing opinion, in relation to the right of the circuit court to set aside verdicts and grant new trials, I find no fault; but I dissent from that portion of the opinion which decides that the verdict of the jury was in accordance with the law and the facts of the case. It is conceded that Bircher's lien had a priority over the mortgage held by relator. Under that lien he sold the property, and it did not sell for enough to pay his debt. Admitting that he was accountable for what the use of the property was worth, from the time he took possession to the date of the sale, I hold that he was entitled to deduct from that sum an amount equal to the balance due on his debt and was liable to Nannie M. Wright only for the balance. The circuit court erred in not so declaring the law. The verdict was against this view of the law, and the circuit court committed no error in setting it aside.