## MERTENS v. KIELMANN, *Appellant.*

1. **Evidence of Title to Personal Property.** As against a claimant of personal property recorded conveyances of the property passing between other parties, coupled with possession held by one of them, are not alone evidence of title. To make them evidence it should be shown that the makers of the conveyances had title; or if the claimant has done things which amount to a recognition of title in them, they may be shown.

2. **Limitation against Mortgagee of Personal Property.** As against a mortgagee of personal property left in the hands of the mortgageor at the making of the mortgage, the statute of limitations does not run until he has demanded and been refused possession.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*E. Neuenhahn* and *J. R. Martin* for appellant.

*Rudolph Hirzel* for respondent.

HENRY, J.—This is a suit for the recovery of specific personal property, consisting of printing press, type and other appurtenances of a printing office. The answer was a general denial of the allegations of the petition, and a special plea of the statute of limitations. The cause was tried by the court without a jury.

The evidence introduced on the part of plaintiff Oscar T. Mertens, showed that on September 9th, 1873, one G. A. Mertens, his brother, loaned one Charles W. Kielmann, the brother of appellant Louis F. Kielmann, the sum of $250, for which the said Charles W. Kielmann executed and delivered his promissory note, payable to the order of the said G. A. Mertens six months after date, and secured its payment by a chattel mortgage on the property described in the petition, which mortgage was duly recorded; that at this time Charles W. Kielmann was in possession of the mortgaged property; that in 1875 the property was sold under this mortgage and purchased by the mortgagee, who, in 1879, sold it to the respondent herein; that at the time of the sale appellant was in possession of the property, Charles W. Kielmann having died on January 20th, 1874; that about two months after the money was loaned, Geo. Hussmann, who was then living at Sedalia, informed the mortgagee that he, Hussmann, owned the property; that neither the mortgagee nor respondent ever had possession of the property; that Charles W. Kielmann had possession of the property at various times from 1864 to 1874, being frequently away from home and living elsewhere during said period. Also against defendant's objection, plaintiff read in evidence the record of a mortgage executed by Lindemann and Eberhardt, on the 13th day of September, 1870, conveying the property in controversy to Chas. W. Kielmann, in trust to secure a note given for the purchase of said property.

The evidence on the part of appellant showed that Geo. Hussmann purchased the property in controversy, at Waterloo, Illinois, in 1866, and took it to Hermann, where it has been ever since, with the exception of two years, from 1870 to 1872, when Lindemann and Eberhardt had it; that Hussmann left it in charge of his father-in-law, who put it in the building in which he lived, where it remained until his father-in-law died, in 1873; that since then it had remained in the same place in charge of appellant; that it was held by both appellant and Hussmann's father-in-law, who was also appellant's father, all this time for Hussmann; that it was loaned off and on during this time to Charles W. Kielmann; that the longest continuous possession Charles W. Kielmann had of the property under any of these loans, was for a period of about two years, from 1868 to 1870; that Charles W. Kielmann was away from Hermann during the greater parts of the years 1868 to 1872; that a few days after the execution of the Mertens mortgage, Hussmann being informed of the matter, notified the mortgagee that Kielmann had no right to mortgage the property, and warned him not to take any steps to recover the possession; that in the paper containing the mortgagee's advertisement of sale and immediately under it, Hussmann notified the public not to buy, as the property was his, and gave notice of his title also at the place of sale; that Kielmann was simply allowed to use the property, and that it had always belonged to Hussmann; that in the year 1870 Chas. W. Kielmann, without Hussmann's consent, sold the property to Lindemann and Eberhardt, and took a mortgage back for the purchase money in his own name; that several weeks after this Hussmann found it out, went to Hermann, and protested against the proceeding, but being assured by his father-in-law that he would get the purchase money, did nothing about it; that in 1872 it was sold under this mortgage at public sale and Hussmann bought it and had it removed back to his father-in-law's house, from which place it had been taken away at the time of the sale to

Lindemann and Eberhardt; that appellant was the administrator of the estate of Chas. W. Kielmann, having been appointed such in February, 1874; that the property was not inventoried as belonging to Chas. W. Kielmann's estate; that when Chas. W. Kielmann was at Hermann, he lived with his father in the same building where the property was.

The court, at the instance of respondent, and against the objection of appellant, gave the following instructions:

1. If it appear from the evidence that Charles W. Kielmann was in possession of the press and type mentioned in plaintiff's petition, and exercised rights of ownership at the time of his making the conveyance thereof to Mertens, and it further appear from the evidence that the records of Gasconade county showed that the legal title to said property was vested in said Kielmann, and Mertens had no notice of Hussmann's claim, then the plaintiff is entitled to recover in this action, unless barred by the statute of limitations.

3. If it appear from the evidence that Charles W. Kielmann owned the property in dispute, and had possession of the same, and that plaintiff claims through and under him by a valid conveyance, then plaintiff is entitled to recover, unless he be barred by the statute of limitations.

To the action of the court in giving said two instructions, appellant at the time excepted

Appellant asked the court to give the following instructions:

1. Upon the maturity of the note secured by the Kielmann mortgage to G. A. Mertens, and its non-payment according to its terms, the said G. A. Mertens became the absolute owner of said mortgaged property, and as such was then entitled to maintain his action for the recovery of the possession thereof. If then it appear from the evidence that plaintiff's action was not commenced within five years after the maturity of said note, and default made in its pay-

ment, his right herein to sue is barred by the statute of limitations, and the finding must be for defendant.

2. In order to establish the title of the property in controversy in Charles W. Kielmann, at the time of the execution and delivery of the Mertens mortgage, by possession, it must appear from the evidence that the said Kielmann for at least five years prior to such execution and delivery, was in actual, continuous, exclusive and notorious possession thereof.

3. If it appear from the evidence that at the time of the delivery to plaintiff's vendor of the Kielmann mortgage, the title to the property so sold was in some person other than the mortgageor, Charles W. Kielmann, then the issues must be found for defendant, unless it also appear that the said personal property was placed in the possession of said mortgageor by such actual owner, and such possession so acquired had remained in such mortgageor for at least the space of five years without demand made and pursued by due process of law on the part of such owner.

4. It is not sufficient to constitute the possession referred to in the preceding instruction that the said Charles W. Kielmann should have occasionally used such property for the purposes of a printing office during a period of time equal to five years or more, but such possession, in order to bind the true owner, must have been continuous and unequivocal.

All of which instructions the court refused to give.

The first instruction for plaintiff is erroneous. It assumes that the mortgage from Chas. W. Kielmann to G. A. Mertens and that from Lindemann and Eberhardt to Chas. W. Kielmann, in connection with the fact that he was in possession and exercising acts of ownership over the property when he mortgaged it to Mertens, conclusively established his title, and that plaintiff was entitled to recover unless his action were barred by the statute of limitations. In order that the mortgage made by Kielmann and that executed by Lindemann and Eberhardt should

have the effect given them by this instruction it was necessary to show title to the property in the mortgageors. These were the only records bearing upon the title to the property in question produced on the trial. Mertens, and Lindemann and Eberhardt claimed title under Chas. W. Kielmann, and his mortgage to Mertens, and that of Lindemann and Eberhardt to him were but the declarations of those parties that Kielmann was the owner of the property, and no other person is bound by these declarations. The mortgage by Lindemann and Eberhardt was admissible as evidence under the circumstances as showing a claim of title asserted by him; and it was the province of the jury to determine whether Hussmann, by his conduct, acknowledged Kielmann's title.

All of defendant's instructions should have been given except the first, which was properly refused. We are aware that it is held in this State, as elsewhere, that a mortgagee of chattels, after breach of the condition, is entitled to the possession of the property. *Robinson v. Campbell*, 8 Mo. 365; *Bowens v. Benson*, 57 Mo. 26. And " a mortgagee may maintain replevin against the mortgageor for the property before the maturity of the mortgage debt, if there be no agreement in the mortgage that the mortgageor shall retain possession." Jones on Chattel Mort., 442. But "to sustain an action by a mortgagee against a mortgageor for an unlawful detention of the mortgaged property, as distinguished from an unlawful taking of it, the mortgagee must show a demand for it and a refusal to deliver it." Jones Chattel Mort., 443. From the terms of the mortgage in question, it is fairly inferable that the mortgageor was to retain possession of the mortgaged property until the maturity of the note secured by it. But under the authorities it is immaterial whether, by the mortgage, he was or not entitled to the possession of the property until breach of the condition of the mortgage. No demand of possession of the property was made of the mortgageor, who died before the maturity of the note, or of the defendant who

27—79

succeeded to the mortgageor's possession, until after the sale of the mortgaged property under the mortgage, and the statute of limitations did not begin to run against the mortgagee until that demand and refusal occurred.

The judgment is reversed and the cause remanded. All concur.