THE STATE *ex rel.* ALBERS *et al.* v. HORNER, *Judge, Appellant.*

1. **Practice** : NEW TRIALS. There is no limit to the number of new trials the trial court may grant either party, where they are allowed on account of errors committed in giving or refusing instructions, or in admitting or excluding evidence.

2. ———— : ————. Nor is there any limit to the number of new trials which may be granted when the jury err in a matter of law, or where they are guilty of misbehavior. R. S., sec. 3705.

| 86 | 71 |
|----|----|
| 35a | 683 |
| 86 | 71 |
| 39a | 658 |
| 86 | 71 |
| 108 | 320 |
| 86 | 71 |
| 58a | 637 |
| 86 | 71 |
| 131 | 542 |
| 86 | 71 |
| 65a | 213 |
| 86 | 71 |
| 147 | 464 |

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Noble & Orrick* for appellant.

(1) The statute, regarding new trials, does not apply to a new trial which is granted for error of the trial court in giving instructions to the jury, and where such error has induced an erroneous verdict, such new trial is not counted. *Boyer v. Smith,* 16 Mo. 351. The facts in this case are different from those in *State ex rel. Wright v. Adams,* 76 Mo. 606. (2) The issues in this case were substantially changed, after the first trial and before the last one, by amendment of plaintiff's petition, and the last trial was had on the issues as made by the amended petition and answer, and the statute in relation to new trials did not apply. (3) It must appear affirmatively in the pleadings from facts stated that the court improperly granted the second new trial, otherwise the writ must be denied. *State v. Governor,* 39 Mo. 400 ; *Curry v. Coblins,* 37 Mo. 330 ; 68 Mo. 48 ; 65 Mo. 489.

*W. C. Marshall* for respondent.

The new trial granted in the second instance was not

asked upon either of the grounds warranted by the
statute, and the court had no power to grant it for any
other reasons. *State ex rel. Wright v. Adams*, 76 Mo.
606.

NORTON, J.—This case is before us on defendant's
appeal from the judgment of the St. Louis court of ap-
peals, awarding a peremptory writ of mandamus to com-
pel W. H. Horner, judge of the circuit court of the city
of St. Louis, to enter up judgment on the verdict of a
jury in the case of *C. H. Albers et al. v. Banking House
of Bartholow, Lewis & Co.*, pending in said court.   The
application for the writ is based upon the following facts,
viz. :   The said cause was tried in said court in June,
1877, the jury returning a verdict for plaintiffs, assessing
their damages at $1,500, which verdict was set aside and
a new trial granted to defendant ; that in the year 1879
the cause was again tried in said court, resulting in a
mis-trial, the jury failing to agree ; that thereafter, on
the twenty-second day of March, 1881, the cause was
again tried in said court before a jury, which terminated
by the jury returning into court a verdict for plaintiffs,
and assessing their damages at $3,500, which verdict was
received by the court ; that thereafter defendant filed a
motion to set aside said verdict and grant a new trial,
whereupon the court entered an order to the effect that
the motion would be overruled, if plaintiffs within five
days would enter a *remittitur* for the sum of $1,500, and
if said *remittitur* was not so entered, the motion would
be sustained.   This proceeding was instituted to compel
said judge to enter up judgment on the verdict as re-
turned by the jury.

That mandamus in such a case is the appropriate
remedy, is established by the following cases :   *Hill v.
Wilkins*, 4 Mo. 86 ; *Boyce v. Smith*, 16 Mo. 317 ; 41 Mo.
517 ; *State ex rel. v. Wright*, 76 Mo. 605.   The respondent,
in his return to the alternative writ, sets up the fact that

he sustained the first motion for a new trial on the verdict rendered in 1877, on the sole grounds that the instructions given by him at the instance of plaintiff were erroneous, and misled the jury; and that this was well understood at the time from a written opinion then delivered. To this return a demurrer, which admitted the facts therein stated, was interposed, which was sustained, and the mandatory writ awarded. And it is from this action that respondent has appealed. The relators, to sustain this action of the St. Louis court of appeals, invoke section 3,705, Revised Statutes, which provides as follows: "Only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior."

We are of the opinion that this statute puts no limit to the number of new trials a circuit judge may grant either party when the new trials are granted on account of errors committed by him in giving or refusing instructions, or in admitting or rejecting evidence. Nor does it put any limit upon the number of new trials he may grant when the jury err, either in a matter of law, or where they are guilty of misbehavior. From the earliest history of jurisprudence, in this state, to the present time, this court has not only recognized the right, but declared it to be the duty of the circuit judge to correct his own errors committed in the conduct of a cause tried before him, and in recognition of this we have invariably held in numerous cases that when evidence is received or rejected, or instructions are given or refused, over the objections of a party made at the time, that this court will not, on appeal or writ of error, notice such objections, unless the error of the court complained of is again brought to the attention of the court, especially, in a motion for new trial, so that the judge may first have the opportunity of correcting his own errors, if any have been committed. We have gone further than this, and in a

number of cases have held that we will not interfere with a judgment upon the ground that the verdict is against the weight of evidence, one ground of the ruling being that the circuit judge in whose presence the witnesses testified, was in a better position to pass upon such a question than this court.

It is clear, we think, that the said statute invoked by relators was only intended to interdict the granting of a second new trial to the same party only in a case where such party has had one new trial granted to him on other grounds than error committed by the court in the progress of the trial, or on other grounds than that the jury erred in a matter of law, or had been guilty of misbehavior. In speaking of said statute, it was observed by Judge Scott, in the case of *Boyce v. Smith*, 16 Mo. 317, that "in specifying the causes for which a second new trial could only be granted to a party, the statute proceeds upon the supposition that the law has been correctly expounded to the jury, and the statute only applies to those cases in which this has been done." If said statute only applies to those cases in which the law has been properly expounded to the jury, it conclusively follows that it cannot be applied to the first new trial granted defendant in 1877, because the demurrer to respondent's return admits the fact therein stated that such new trial was granted on the sole ground that the law was not properly expounded by the court to the jury. And from this it also necessarily follows that defendants have never had a new trial granted them within the meaning of the said statute, and that the new trial which respondent proposes to grant defendants on the ground that the damages awarded by the jury in the second verdict were excessive, would be in contemplation of said statute the first new trial granted them.

The judgment of the St. Louis court of appeals is hereby reversed and petition dismissed. All concur.