State ex rel. Schnaider Brewing Co. v. Edwards.

---

STATE *ex rel.* SCHNAIDER BREWING COMPANY v. WALLER W. EDWARDS, Respondent.

St. Louis Court of Appeals, April 16, 1889.

1. **Practice, Trial:** SECOND NEW TRIAL. In considering, on a petition for *mandamus*, the question whether a party should be allowed a second new trial, a previous new trial which was granted on account of errors in giving or refusing instructions, or in admitting or excluding evidence, will not be counted as one within the limited series.

2. **Practice, Appellate:** GROUNDS FOR NEW TRIAL. A party will not be deprived, on appeal, of whatever advantage he might gain from a record statement of the grounds upon which a new trial was granted, by the failure of the trial court to embody such grounds in the record, as required by the statute.

State ex rel. Schnaider Brewing Co. v. Edwards.

3. **Mandamus:** NEW TRIAL. A peremptory *mandamus* will not issue to compel a circuit judge to set aside the granting of a second new trial and enter judgment on the verdict rendered, when it appears that the new trial was ordered on account of misconduct of counsel for the successful party, in stating to the jury propositions of law in direct conflict with the rulings of the court in instructions given, to which misconduct objection was made at the time, and exception taken by the other party.

*Original petition for mandamus.*

PEREMPTORY WRIT DENIED.

*Herman A. Haeussler,* for the relator.

It is admitted, or at least not denied, that the statement as made by the judge—or grounds for granting second new trial—or rather setting aside second verdict was a mistake, and that no such matter ever occurred and that respondent in consequence was not justified in setting aside the verdict, inasmuch as the sole reason assigned for so doing did not, and never did, occur in this case. I think it is clear that lower court can only speak from record required by law to be made. And it will not be assumed that the motion was sustained on either of the grounds mentioned in section 3705. Is there no remedy to prevent a judge from granting a new trial when he is misled in believing or erroneously assumes that he gave a certain instruction at the trial, and the fact is then admitted by him to be that he in fact never gave it, and it was never even asked, or where he is misled in believing that a certain juror was drunk who was on the panel and it turns out that the juryman was never on the panel in the case, but on the panel in another case before him, or as here where he is misled in believing or erroneously believes that a party objected to the remarks of counsel to the jury, and excepted to

his so doing, when in truth it turns out and is undisputed that it was never done, and such a thing never did occur in this case? Can he confuse this case with another to the prejudice of defendant and defendant have no remedy? Surely not.

*John R. Warfield*, for the respondent,

The only point at issue in this proceeding is the power of the circuit court (in view of R. S., sec. 3705) to grant a second new trial. The statute puts no limit to the number of new trials a circuit judge may grant either party, when they are granted on account of errors committed in the progress of the trial. *State ex rel. v. Adams*, 76 Mo. 605; *State ex rel. v. Homer*, 86 Mo. 71. The first new trial in the present case was granted (without written specification of reasons) upon the motion as set out in respondent's return. There can be no question that the reasons given for sustaining the second motion for new trial to-wit, remarks of counsel, etc., are correct and assign reversible error. *Fathman v. Tumility*, 34 Mo. App. 236, cas. cit. The affidavits of jurors filed by relator—as to the existence or non-existence of the facts upon which respondent sustained the second motion—should not here be considered. Because no such issue is raised upon the pleadings. Relator's motion, in the nature of a demurrer to the return, admits all the facts as therein set out to be true; and when as is there stated, that in the argument of the case, counsel was guilty of impropriety, which was objected and excepted to at the time, and that this was the ground upon which the court sustained the motion for new trial. These are admitted facts.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by *mandamus* to compel the Honorable WALLER W. EDWARDS, judge of the circuit court of St. Charles county, to vacate an order granting a

second new trial, to overrule the motion for such new trial, and to render judgment on the verdict. The decision which we are now to render arises upon a motion for judgment on the return. The learned judge has made a return to the alternative writ in which he sets up that the first new trial was granted upon all the grounds laid in the motion therefor. These grounds are set out in the return. They were ten in number. They included among other things allegations that the court erred in admitting and in rejecting evidence and in giving and in refusing instructions. This being so,—and on motion for judgment on the return the allegations of the return must be taken as true,—the grounds on which the court sustained the second motion for a new trial were immaterial; for there is no limit to the number of new trials which the court may grant to either party on the ground of errors committed in giving or refusing instructions or in admitting or excluding evidence. *State ex rel. v. Horner*, 86 Mo. 71. The first new trial is not, then, to be counted; the case stands as though there had been but one trial, for the purpose of this proceeding.

After the decision in the case just cited had been rendered the legislature, by an act approved March 22, 1887, amended section 3705, Revised Statutes, so as to require the judge in granting a new trial to specify of record the grounds on which it is granted. The statute as amended, reads as follows: "Only one new trial shall be allowed to either party; *First*, where the triers of the fact have erred in matter of law; *Second*, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." Acts of 1887, p. 230. This statute was in force when the first new trial in the case under consideration was granted, but the order of record allowing such new trial did not specify the ground or grounds on which it was granted.

This raises the question as to whether, in the present proceeding, and on this motion for judgment on the return, it is to be presumed, contrary to the allegations of the return, that the first new trial was granted for other reasons than that the triers of the fact erred in matter of law or that the jury were guilty of misbehavior. We are of opinion that the statute is so far directory that the party on whose motion a new trial is granted ought not to lose the benefit accruing to him from the statute by reason of the failure or omission of the judge to state of record the ground or grounds on which he grants the new trial. On the contrary, we think that the analogies of our procedure require that the party obtaining the judgment which is thus set aside should be required to show, in a proceeding by *mandamus,* such as the one under consideration, that, at the time when the court granted the first new trial, he moved the court to specify of record the ground or grounds on which the new trial was granted, and that the court nevertheless failed or refused to do so. Our appellate practice proceeds everywhere on the theory that before a judgment shall be reversed for error committed in the trial court, the attention of that court must have been drawn to the error and that court must have had an opportunity to correct it without putting the parties to the delay and expense of an appeal or writ of error. To this there is a single exception, that of errors arising on the face of the record proper—an exception which we think ought not to be enlarged. If the contrary view of this statute is taken, it would result in the conclusion that a party can stand by and see the court fall into an error through mere inadvertence, and take his exception for the first time in a superintending court, in a proceeding by *mandamus* in which the trial judge is in effect arraigned and required to answer for his judicial misprisions. The present case fairly illustrates, we think, the unwisdom of such a

rule ; for here it is scarcely to be doubted that the exist-
ence of the amendatory act above quoted was unknown
at the time of the first trial, either to the judge or to
the counsel in the case.

But on the other theory, that, where the judge has
omitted or refused to specify of record the grounds on
which he granted the first new trial, he is precluded
from showing that those grounds were other than the
error of the triers of the fact in matter of law, or the
misconduct of the jury,—it still remains that, upon this
return, the relator would not be entitled to a peremptory
*mandamus.* For here the return sets up that the second
new trial was granted because of the misbehavior
of the plaintiff in arguing to the jury contrary to the
law of the case, which we must assume to mean the law
as laid down by the court in its instructions. The return
recites that objection was made to this at the time and
exception taken. We take it that, for the court, after
objection made, to permit counsel to argue against the
law as laid down in the court's instructions, is error in
matter of law, for which, under the decision in *State ex
rel., etc., v. Horner, supra,* any number of new trials
may be granted. If this were not so, after setting aside
one verdict on other grounds than the error of the
triers of the fact in matter of law or the misconduct of
the jury, the trial judge would have practically no
restraint, except in the power to commit for contempt,
upon abuse of the right of argument by counsel.

It is scarcely necessary to say that, on this motion
for judgment on the return, we do not take into con-
sideration the *ex-parte* affidavits of the eight jurors
which were filed with the petition, nor do we determine
any controverted questions of fact.

The motion for judgment on the return awarding a
peremptory writ of *mandamus* is overruled.