9 116
34a 568

## HARPER vs. BAKER.

1. An improper refusal of a justice to grant a continuance, is no ground to dismiss a suit upon an appeal to the Circuit Court.

2. Upon an appeal to the Circuit Court, the trial is to be had *de novo,* and no act of the justice can be assigned for error.

3. When a justice improperly refuses to grant a continuance, an application to the Circuit Court for a mandamus is the proper course.

4. Making a writ returnable to a day not the regular law day of the justice, is not a ground to dismiss the suit.

## ERROR to Montgomery Circuit Court.

Scott, J., delivered the opinion of the court.

This was an action commenced in a justices' court, by J. & S. Baker, against Harper. At the return of the summons it appears that

Harper made his appearance, and pleaded that the day named in the summons was not the regular day for holding the courts of the justice, and secondly that the notes sued on were not justly due. The transscript further shows that there was a demurrer to these pleas, which was overruled, and thereupon judgment was entered by the justice against Harper. Upon an appeal to the circuit court, a motion was made to dismiss the cause for the following reasons: That the justice gave judgment at the return term, and refused to continue the cause, although the defendant appeared, and pleaded; that the circuit court had no jurisdiction of the case, there having been no trial on the merits in the justices' court, and that the return of the summons was not made to the regular law day of the justice.

This motion was overruled, and judgment being rendered for the plaintiffs, Harper has brought the cause to this court.

The act of January 16th, 1843, directs that after issues shall have been made up, the suits shall stand continued until the second term. The same rule as to continuance and trials, are made applicable to suits in justices' courts. A supplementary act provides, that a written plea shall not be necessary to entitle a party to a continuance of course, in a justices' court.

Admitting that an improper refusal to grant a continuance in the circuit court, would be error for which this court would reverse a judgment, yet it does not follow that a refusal to grant a continuance in a justices' court would be error, or a reason why the cause should be dismissed from the circuit court upon an appeal. When a cause is taken to the circuit court by appeal from the justices' court, the powers of the circuit court are not limited merely to a correction of the errors committed by the justice, but there is a trial *de novo*, as though there had been no trial in the court below, and consequently no act committed by the justice can be assigned for error in the circuit court.

The error, if any, will be remedied by the circuit court on a trial *de novo*, and although errors may have been committed, it will be no cause for dismissing the suit.

It may be enquired, if a justice wilfully refuse to grant a continuance, when one is demanded under the statute, is the party without redress? But why should a plaintiff be mulcted in costs for the error or obstinacy of the justice, if a continuance is improperly refused? Why should the plaintiff have his suit dismissed at his costs, when it does not appear that he is consenting to the conduct, or demanding a trial or judgment when it is rendered?

If a party to a suit in a justices' court, would avail himself of the

advantage conferred by the statute, it is obvious that an appeal to the circuit court is not the proper mode to obtain it. An application to the circuit court for the exercise of the superintending power with which it is entrusted, would seem to be the course warranted by the principles and usages of law.

There is nothing in the point, that the circuit court had no jurisdiction of the case, for the reason that there had been no trial on the merits in the justices' court. If the party had not a trial on the merits in the justices' court, he might have obtained one in the circuit court. An appeal is allowed for that very purpose. Nor can we see how the question relative to the propriety of the conduct of the justice, in making the writ returnable, and trying the cause on a day, not his regular law day, can arise under a motion for a dismissal. The courts cannot judicially notice what particular day in each month is appointed by the justice for his law day. When one is appointed it may be changed for another. What is the regular law day of a justice, is a question of fact and not of law; and if a party would avail himself of such an objection, it should be proved on the trial like any other fact, or perhaps advantage of the irregularity might have been had by an exercise of the superintending control of the circuit court.

Judgment affirmed.