IN RE PETITION OF A. BENNETT, Appellant, v. JAMES McCAFFERY, Respondent.

St. Louis Court of Appeals, December 6, 1887.

1. MANDAMUS—JUSTICE OF THE PEACE—JURISDICTION.—A justice of the peace will be compelled, by mandamus, to certify the cause to the circuit court, where an affidavit that the suit involves the title to real estate, as an issue therein, has been filed before the justice.

2. ——— LANDLORD AND TENANT.—That the affidavit is filed in a landlord's summons suit is immaterial, where it controverts the tenancy.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded.*

M. KINEALY and JAMES R. KINEALY, for the appellant: It was the duty of the justice to certify the cause to the circuit court upon the filing of the affidavit. Rev. Stat., sect. 2931; *Meier v. Thieman*, 90 Mo. 433.

JOHN O'GRADY, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding against a justice of the peace to compel him to certify a cause, and transmit the papers and process therein, to the clerk of the circuit court, because of the fact that the defendant therein has filed an affidavit showing that title to real estate is in issue therein, as provided in Revised Statutes, section 2931. The return of the justice sets out, in the form of exhibits, the complaint, the summons, and the sworn plea of the defendant therein, setting up that title to real estate was in issue. These exhibits show that the proceeding before the justice was a landlord's summons,

and that the defendant therein (the plaintiff in this proceeding) filed an affidavit, in which he denied that the plaintiff therein held the title to any of the real estate and premises described in the complaint, or was the defendant's landlord, or was entitled to collect rent therefor from him, but asserted that the title to the premises was in one Mrs. Ward, who was the defendant's landlord, and reciting that the defendant put in issue the title to the premises, and requested that the papers in the cause be transmitted to the circuit court. It is difficult to see how an affidavit could be drawn which would more distinctly put in issue the title to the premises in controversy, within the meaning of the statute, unless it should set out the evidence affecting the title, which, of course, is not required. When this affidavit was filed the jurisdiction of the justice to proceed further in the cause was absolutely determined. *Meier v. Thieman*, 90 Mo. 433, 441. The justice had nothing further to do but to transmit the papers to the clerk of the circuit court, as required by the statute. The duty was a ministerial one, enjoined by law, and there is no doubt that mandamus is a proper remedy to compel its performance. *Harper v. Baker*, 9 Mo. 116; *The State ex rel v. Ryan*, 2 Mo. App. 303.

It is true that the entries in the circuit court speak of the proceeding as a *certiorari;* but the petition does not so describe it; and it is immaterial whether it is called a *certiorari*, or a *mandamus*. It is a mandate from the court having jurisdiction, directed to the inferior court, to send up the papers, as provided in the statute. The order is made in virtue of the superintending jurisdiction of the circuit court (Const. of Mo., art. 6, sect. 23), which, in such a case, may, it seems, proceed in either form. But whether the process or mandatory order is called in this case a *certiorari* or a *mandamus*, its office and effect are the same. It compels the justice to transmit to the circuit court the papers in the cause, as, by the statute, he is required to do. This he has done. The circuit court, therefore,

possesses jurisdiction to proceed in the cause, as though the justice had originally certified the papers when the affidavit putting in issue the title in the property was filed. The court, therefore, erred in overruling the demurrer to the return. It should be sustained and judgment rendered thereon, and the cause should then stand in the circuit court for further proceedings.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.