STATE OF MISSOURI, *ex rel.* LAURA M. LLOYD, Appellant, v. J. T. CLAYTON, Respondent

Kansas City Court of Appeals, March 4, 1889.

1. **Mandamus:** PROPER REMEDY TO COMPEL JUSTICE TO ALLOW CHANGE OF VENUE. Under sections 2952 and 2953, Revised Statutes 1879, when an affidavit for a change of venue in due form and due time has been filed with the justice of the peace, there is nothing for the justice to do but to allow the change of venue, and note the fact on his docket, which is a plain specific ministerial duty, not in the least involving the exercise of judicial discretion, and *mandamus* is the proper remedy to compel the performance of such duty, there being no other remedy, as such action of the justice is not reviewable on appeal in the circuit court.

2.    ————: PEREMPTORY WRIT SHOULD FOLLOW THE COMMAND OF THE ALTERNATIVE. The alternative writ commanded the justice to allow the change of venue, note the fact on his docket, etc., or show cause ; the circuit court was not authorized to grant other mandatory relief than that specified in the alternative writ in the absence of an amendment, and in the peremptory writ order the justice to act upon, consider and determine the application for a change of venue.

*Appeal from the Jackson Circuit Court.*—Hon. TURNER A. GILL, Judge.

REVERSED AND REMANDED (*with directions*).

*Paul Hodges*, for appellant.

(1) The trial court erred in giving other relief than that specifically asked for. *School Dist. v. Landerbaugh*, 80 Mo. 190 ; *State ex rel. v. Railroad*, 77 Mo. 143 ; *State ex rel. v. Holladay*, 65 Mo. 76. (2) Relator is entitled to *mandamus* against defendant. High on Ex. Leg. Rem., sec. 239, *et seq.*, p. 183 ; *State ex rel. v. The Cape Girardeau Court of Common Pleas*, 73 Mo. 560; *Harper v. Baker*, 9 Mo. 116 ; *Colvin v. Six*, 79 Mo. 198 ; *St. Louis County Court v. Sparks*, 10 Mo. 117. Granting a change of venue is a ministerial act and not left to the discretion of the justice. *State ex rel. v. Lewis*, 76 Mo. 370. *Mandamus* is plaintiff's only remedy. Error of justice in refusing change of venue could not be raised in circuit court on appeal from justice's judgment. Trial on appeal in circuit court is *de novo*. In the *matter of John Whitson, dec'd, A. J. Whitson, et al.*, 89 Mo. 58. See also Cont. Mo., sec. 23, art. 5. (3) Where plaintiff is entitled to *mandamus* this right can not be rendered nugatory by any adverse act of the party sought to be *mandamused*. *State ex rel. v. Adams*, 76 Mo. 605 ; *State ex rel. v. Lewis*, 71 Mo. 170. The filing of the application for change of venue

The State ex rel. Lloyd v. Clayton.

sufficient. *Bensley v. Haeberle*, 20 Mo. App. 648 ; *Baker v. Henry*, 63 Mo. 517 ; *Grubbs v. Cones*, 57 Mo. 83. . Rule for cost made by justice void on its face. *Sanders v. Rains*, 10 Mo. 771 ; *Williams v. Bowers*, 26 Mo. 601 ; R. S. 1879, secs. 2868, 3126.

*Stoner & Lowe*, for respondent.

(1) *Mandamus* is the appropriate remedy to set the machinery of courts in motion, but will not direct the performance of any particular judicial act. The subordinate tribunal will be left free to give its best judgment. *The State ex rel. v. St. Louis Court of Appeals*, 87 Mo. 374. *Mandamus* will not lie to control the judgment or discretion of an inferior court. Nor where the right to appeal exists. Nor where an inferior court has jurisdiction, *mandamus* will not lie to control its judgment, although manifestly erroneous. *The State ex rel. v. Megown*, 89 Mo. 156 ; Moses on Mandamus, p. 34 ; *Lamar v. Marshall*, 21 Ala. 772 ; *Griffith v. Cochran*, 5 Binney, 103 ; *County Court of Warren v. Daniel*, 2 Bibb. 573 ; *Chase v. Canal Co.*, 2 Pick. 244. In no case does it lie to compel a judicial tribunal to render any particular judgment or to set aside a decision already made. Moses on Mandamus, p. 36. (2) *Mandamus* will not lie to control a judicial officer or court in their decision, or compel the performance of a single specific judicial act. *Railroad v. Franks*, 55 Mo. 325. As to what is a judicial and what a ministerial act. *State ex rel. v. Wilson*, 49 Mo. 146. All acts of a justice of the peace from the beginning to the end of a suit are judicial. *Wertheimer v. Howard*, 30 Mo. 420, The granting of a change of venue is a judicial act, hence *mandamus* will not lie to compel a trial court to grant a change of venue, even though the refusal to grant it be erroneous. *Ex parte Chambers*, 10 Mo. App. 240.

(3)   The effect of the motion for security for costs is to suspend further proceedings until it is disposed of. *Steamboat v. Jenkins*, 9 Mo. 643.


SMITH, P. J.—This was a p'roceeding by *mandamus* against a justice of the peace  to compel him to allow a change of venue and note the fact on his docket, in a certain civil action pending before him.  The very meager abstract which has been filed in this case shows that :  On the twenty-third day of February, 1888, there was pending and set for trial a civil cause before J. T. Clayton, a justice of the peace of Kaw township, Jackson county, Missouri, wherein Laura M. Lloyd was plaintiff, and J. T. Cruikshank was defendant; that on that day defendant filed a motion before said justice to require plaintiff to give bond for costs in the case, which was sustained and said plaintiff was ruled by said justice to give such bond at two o'clock of the same day.  It is admitted in the record that afterwards at ten o'clock on said day said plaintiff in due time filed an affidavit in due form of law for a change of venue of said cause, and requested said justice to grant a change of venue of said cause to some convenient justice of the peace in said township, which request said justice refused to comply with until said bond for costs was given, and said justice then and there stated to plaintiff that unless said bond was given that said cause would be dismissed at two o'clock of said day.  That on the petition of said plaintiff on the same day to the circuit court of Jackson county, Missouri, setting out the foregoing facts and prayer, it issued, in the cause now here, an alternative writ of *mandamus* to said justice commanding him to grant such change of venue, or show cause before it on the following Saturday why he should not grant the same.

The court refused to *mandamus* said justice to grant

the change of venue, but ordered him to *act upon, consider and determine* the application for a change of venue.

After the filing of an unsuccessful motion to set aside the order of the court and for a new trial, the relatrix prosecuted her appeal to this court from the final judgment therein.

I. The question before us for decision is whether it was the specific duty of the justice to have allowed the change of venue and whether the performance of that duty can be coerced by *mandamus.* Section 2952, Revised Statutes, provides that either party shall be entitled to a change of venue in any civil cause pending before a justice of the peace on complying with its provisions. Section 2953 provides that upon the filing of the affidavit in due time *the justice must allow the change of venue* and note the fact on his docket and immediately transmit all original papers and a transcript of all his docket entries in the case to the next nearest justice of the peace, etc. It is admitted in the record of this case that the affidavit for the change of venue " was in due form and filed in due time."

We take it that the meaning of this admission is that the affidavit as to form and time of filing meet the requirements of said section 2952. Now in such case what was the duty of the justice with respect thereto? Was he invested with any judicial discretion in the matter? Was he, notwithstanding such formal and timely an application, invested with discretion beyond the superintending control of this court to allow or refuse the change of venue? The language employed in this section of the statute is that *"the justice must allow the change of venue."*

No discretion is implied. The legislature has employed in this statutory provision words which plainly show that a specific duty was intended to be imperatively enjoined. Words of doubtful import are not employed.

They command the performance of a duty which is not to be avoided or evaded where the requirements of the preceding section have been complied with, as is the admitted fact in this case.

The act of the justice in omitting to perform this obviously plain duty cannot be reviewed on appeal to the circuit court in a trial there *de novo*. *Harper v. Baker*, 9 Mo. 74.

If a justice should arbitrarily and wantonly refuse to allow a change of venue, the injured party would find himself without remedy by appeal. Has he no other remedy? To affirm this would be to cast a reproach upon our system of remedial laws. The writ of *mandamus* is a command issuing from a common law court of competent jurisdiction in the name of the state, directed to some inferior court, officer or corporation requiring the performance of a particular duty. High on Extra Leg. Rem. 4; *State ex rel. Laclede Bank v. Lucas*, 76 Mo. 370. And is an extraordinary remedy which will issue only when the applicant has no other specific remedy. *Mansfield v. Fuller*, 50 Mo. 338.

It has been held that a justice of the peace will be compelled by *mandamus* to certify a cause to the circuit court when, under the provisions of section 2931, Revised Statutes, an affidavit that the suit involves the title to real estate as an issue has been filed before the justice. It was said in that case that the justice had nothing further to do, but to transmit the papers to the clerk of the circuit court as required by the statute. The duty was a ministerial one injoined by law, and there is no doubt that *mandamus* is a proper remedy to compel performance. *Bennett v. McCaffery*, 28 Mo. App. 220; *State ex rel. Alexander v. Ryan*, 2 Mo. App. 302. So it has been held that *mandamus* will lie to compel a justice of the peace to issue an execution on a judgment rendered by him when the time for appeal has passed. *State ex rel. v. Young*, 12 Mo. App. 594. Also that it is the proper remedy when the trial court has improperly granted a new trial. *Wight v. Railroad*, 20 Mo. App.

481 ; *State ex rel. Brainard v. Adams*, 12 Mo. App. 436. Likewise that it will lie to compel a judge to enter judgment on a verdict when he erroneously refuses to do so. *State ex rel. Wright v. Adams*, 76 Mo. 305. And also when a trial court refuses to act upon a motion and simply orders the case dropped from the docket, it will be compelled by *mandamus* to proceed to final judgment. *State ex rel. v. Cape Girardeau Common Pleas Court*, 73 Mo. 560. There is an obvious distinction between a case like this arising before a justice of the peace—and one where the application for a change of venue is made to the circuit court. The action of the justice is not reviewable on appeal in the circuit court while such action by the circuit court is constantly reviewed by the appellate courts. *State v. Alexander*, 6 Mo. 148; *Corpenny v. Sedalia*, 57 Mo. 88 ; *Woodson v. Younger*, 61 Mo. 395 ; *Ex parte Chambers*, 10 Mo. App. 240. We think that the affidavit for the change of venue being "in due form and in due time" there was nothing for the justice to do but to allow the same. The statute imposed upon him a plain specific ministerial duty. It was not a duty which in the least involved the exercise of judicial discretion.

The alternative writ commanded the justice to allow the change of venue, and note the fact on his docket, etc., or show cause to the contrary which he failed to do, as we think is shown by the record.

The peremptory writ should have followed the command of the alternative writ. The circuit court was not authorized to grant other mandatory relief than that specified in the alternative writ in the absence of an amendment. *State ex rel. McGrath v. Holladay*, 65 Mo. 76; *School Dist. No. 11 v. Landerbaugh*. 80 Mo. 190.

The judgment of the circuit court, ELLISON, J., concurring, GILL, J., not sitting, is reversed and cause remanded with directions to the circuit court to award the peremptory writ of *mandamus* so as to make it follow the requirements of the alternative writ as in this opinion indicated