MICHAEL C. BREEN, Respondent, v. N. K. FAIRBANK &
Co., Appellant.

### St. Louis Court of Appeals, March 19, 1889.

1. **Contract: MEASURE OF DAMAGES.** The plaintiff agreed with the
defendant to furnish a horse, wagon and driver to peddle the
defendant's merchandise for the period of one year, for which
the defendant was to pay him three dollars and fifty cents per day
for each working day during the period. When the plaintiff had
completed fifty-nine days in performance of the agreement, the
defendant, without legal cause, terminated the employment and
paid the defendant for the time of his actual service ; the plaintiff
being ready and willing to complete his contract. At the expira-
tion of the year, the plaintiff brought this suit to recover the con-
tract price for the residue of the contract period. At the trial, the
plaintiff offered no evidence of either general or special damage
sustained by him. *Held :* The plaintiff was entitled to recover no
more than nominal damages ; and the court erred in refusing the
defendant's instruction to that effect, and in instructing that
the plaintiff was entitled to recover the contract price for the
remainder of the year.

2. **Practice, Trial : REFUSAL OF INSTRUCTION.** A refusal by the
court to pass upon an instruction, offered by the defendant at the
close of the plaintiff's case, is equivalent to a refusal of the
instruction.

*Appeal from the St. Louis City Circuit Court.*—HON.
SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*Lee & Ellis,* for the appellant.

After the respondent had closed his case the appel-
lant asked the court below to give the following instruc-
tion to the jury, to-wit : " The court instructs the jury
that under the pleadings and evidence in this case plain-
tiff cannot recover a sum beyond nominal damages."

The court below refused to act or rule upon this instruction at that stage of the trial, and we submit that the court committed error in said refusal. After the respondent had closed his case the appellant was entitled, as a matter of right, to have the opinion of the court below on the respondent's case, and the court below should not, therefore, have refused to pass upon said peremptory instruction asked by the appellant, merely because said instruction was offered at that stage of the trial. *Rucker v. Eddings*, 7 Mo. 119; *Harris v. Woody*, 9 Mo. 115; *Clark's Adm'r v. Railroad*, 36 Mo. 216-217; 2 Thompson on Trials, sec. 2270, pp. 1623-1624. The measure of damages in this case is not the contract price, but the difference between the contract price and such sum as it would have cost the respondent to carry out the contract. *Dunn v. Johnson*, 33 Ind. 58; *Lindley v. Dempsey*, 45 Ind. 249; *Hadley v. Prather*, 64 Ind. 140; *Fox v. Harding*, 7 Cush. 522; *Cunningham v. Dorsey*, 6 Cal. 19; *Devlin v. Mayor*, 63 N. Y. 8; *Fitzgerald v. Hayward*, 50 Mo. 521; 1 Suth. on Dam., p. 118. The respondent introduced no testimony whatever to show what the cost of performing his contract would have been if he had been permitted to perform the contract, and therefore the appellant's instruction for nominal damages should have been given. The law is well settled that where proof of actual damages is required and no such proof is offered, nominal damages only can be recovered. *Webb v. Coonce*, 11 Mo. 12; *Hayes v. Delzell*, 21 Mo. App. 679; *McCord v. Railroad*, 21 Mo. App. 92.

*William S. Bodley*, for the respondent.

"In actions upon a contract for services rendered where the amount of compensation is fixed by its terms, such sum is *prima facie* the measure of damages when the defendant refuses to permit a performance on the

part of plaintiff. Such refusal is to be taken as equivalent to a performance for the purpose of maintaining the action." *Pond v. Wyman*, 15 Mo. 175 ; *Nearns v. Harbert*, 25 Mo. 352 ; *Steinberg v. Gebhardt*, 41 Mo. 519 ; *McElhinney v. Kline*, 6 Mo. App. 94 ; *Goldman v. Wolf*, 6 Mo. App. 490.

ROMBAUER, P. J., delivered the opinion of the court.

For the purpose of considering the questions presented by this appeal, we assume that the proof substantiates the following facts stated in plaintiff's petition.

In February, 1886, the plaintiff, a teamster, agreed with the defendant, a merchant, to furnish a horse, wagon and driver for the purpose of peddling the defendant's merchandise, for the period of one year from and after that date, the defendant agreeing to pay him three dollars and fifty cents per day, for each working day during the entire period. As part of the contract, the plaintiff agreed to be responsible to defendant for the merchandise delivered to him for that purpose, or its proceeds. The plaintiff entered upon the performance of the contract, and continued in its performance fifty-nine days, when the defendant, without legal cause, terminated the employment, and paid the plaintiff for the period of actual service at the contract rate. The plaintiff was ready and willing to complete his contract. After the expiration of one year, the plaintiff brought the present action to recover the residue of the contract price on a theory of constructive service.

The answer was a general denial. Upon trial before a jury the plaintiff gave evidence substantiating the foregoing facts, but no evidence showing general or special damage, and rested. The defendant thereupon moved the court to instruct the jury that, under the pleadings and evidence, the plaintiff could recover nominal damages only. The court refused to pass upon the instruction at that stage of the cause and the

defendant excepte d. The defendant declined to intro-
duce any · evidence, and resubmitted the instruction
limiting plaintiff's right of recovery to nominal dam-
ages, whereupon the court refused the instruction, and,
at plaintiff's instance, instructed the jury in substance
that, if they found the facts as above stated, then the
plaintiff was entitled to recover the contract price for
the residue of the year.

The jury found for plaintiff in conformity with the
court's instruction, and judgment was entered upon
their verdict for $723.17.

The errors complained of by the defendant appeal-
ing are, the refusal of the court to pass upon the
instruction when first asked to do so ; its refusal of the
instruction subsequently ; the giving of plaintiff's
instruction ; and its refusal to vacate the verdict for
excess in damages.

The pra ctice in this state is well settled that a
defendant may, upon the close of plaintiff's case, have
the opinion of the court on the case made by the plain-
tiff, by an instru ction similar to the one offered in this
case. *Rucker v. Eddings*, 7 Mo. 119 ; *Harris v.
Woody*, 9 Mo. 115 ; *Clark's Adm' r v. Railroad*, 36
Mo. 216. The refusal of such an instruction, where the
state of the evidence warrants its giving, is error. The
record recites that the court refused to rule or act upon
the instruction at that stage of the trial, and such
recital is equivalent to the statement that the court
refused to give the instruction at that stage of the trial.
Substantially the same view w as taken by the supreme
court in the analogous case of *Vastine v. Wilding*, 45
Mo. 93, and we think it is the only logical view which
can be taken, since the refusal of the court to act upon
the instruction is logically equi valent to its refusal to
give it.

This brings us to the only real controversy in the
case, namely, whether the plaintiff, upon the facts

shown, was entitled to substantial damages, and if so, whether the contract price was the measure of such damages.

It will be seen that the court, by its instruction, fixed the plaintiff's measure of damages as if this were a case for personal services; under the rule stated in *Pond v. Wyman*, 15 Mo. 175, and followed in a number of subsequent cases. In such a case the measure of damage is, *prima facie*, the contract price agreed upon. That the servant or employe has found, or by reasonable effort might have found, other remunerative employment during the contract period, is strictly matter of defense, and it is incumbent upon the defendant to show it, in mitigation of damages. *Miller v. Boot & Shoe Co.*, 26 Mo. App. 61. But the present case is one of the hiring of chattels, to-wit: Plaintiff's horse and wagon, for the use of which part of the plaintiff's time and service are hired as a mere incident. There is nothing to take the case out of the general rule which fixes plaintiff's measure of damages at the loss which he has sustained by the wrongful termination of the contract, such loss being ordinarily measured by the profit which he would have made if permitted to perform it. 1 Suth. on Dam. 118; *Devlin v. Mayor*, 63 N. Y. 24.

Such is the plaintiff's measure of *general* damages in this class of cases. If there are other *special* damages caused to him by the breach of contract, it is incumbent upon him to plead and show them. As he has given no evidence of his general damages, and claimed no special damages, he was entitled, under the evidence, to recover nominal damages only. The action of the court on the instructions was, therefore, clearly erroneous.

Reversed and remanded. All the judges concur.